■ In the Matter of RICHMOND HILL SERVICE STATION, INC., Petitioner, v NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES et al., Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Commissioner of the Department of Motor Vehicles which suspended petitioner's motor vehicle repair shop registration and imposed a fine. Petitioner is a licensed motor vehicle repair shop. On or about April 19, 1980, employees of respondent State Department of Motor Vehicles installed a blown fuse in a 1976 Hornet automobile which caused the alternator light to go on and brought the vehicle to petitioner for repair. Petitioner, through its employees, replaced both the blown fuse and the alternator. On September 19, 1980 petitioner was served with a notice charging it with violations of subdivision 1 of section 398-e of the Vehicle and Traffic Law and of 15 NYCRR 82.5, which generally prohibit fraudulent or deceptive practices and gross overcharging, and require the issuance of invoices for work performed. A hearing was held at which witnesses for respondent testified that the only repair required was replacement of the blown fuse at an approximate cost of $15. Mr. Katz, president of petitioner, testified that the alternator was tested, found to be borderline and was replaced. The total charge was $81. The hearing officer found that petitioner had violated section 398-e (subd 1, par [g]) of the Vehicle and Traffic Law and 15 NYCRR 82.5 (c), (h) and (i), and imposed a fine of $150 and a six-day suspension of petitioner's registration. Petitioner appealed to the Repair Shop Review Board. As permitted by statute, petitioner chose not to submit a transcript of the hearing with its appeal. The review board modified the penalty imposed to a $75 fine and a four-day suspension. The commissioner, upon review, accepted the board's finding as to guilt but increased the suspension to 30 days. After a CPLR article 78 proceeding was commenced, Special Term transferred the matter to this court. Initially, we note that since petitioner chose not to submit a transcript of the hearing to the review board, and, further, since the imposition of a penalty is an exercise of discretion and not a finding of fact, Special Term erred in transferring the matter to this court. No substantial evidence question is presented for our review. However, we may decide the other issues raised without transfer back

to the lower court. The commissioner's action in increasing the penalty was not in excess of his jurisdiction nor violative of petitioner's due process rights. Clearly, the applicable statute, section 398-f (subd 3, par [a]) of the Vehicle and Traffic Law, empowers both the review board and the commmissioner to "affirm, reverse or modify" a hearing officer's initial determination. This court, contrary to petitioner's contention, has characterized an increase in a penalty as a "modification" thereof (see *Matter of Meltzer v Ambach*, 78 AD2d 733). Next a party is entitled only to such review as is provided for in statutes or agency rules absent an abridgement of constitutional rights of liberty or property, issues not involved here. All petitioner was required to do was to exhaust his administrative remedies before judicial review. Lastly, the imposition of a more severe penalty by the commissioner was not an arbitrary and capricious abuse of discretion. Neither was the penalty so disproportionate to the offense as to be shocking to one's sense of fairness. Here, in the absence of a transcript, the facts are not being reviewed, only the penalty. The commissioner had before him the finding of facts by the review board as well as the charges. These were sufficient to enable him to make an informed decision. Determination confirmed, and petition dismissed, with costs. Mahoney, P. J., Sweeney, Main, Casey and Levine, JJ., concur.