In the Matter of ROBERT WESTON, Doing Business as D & 4R's AUTO COLLISION, Petitioner, v PATRICIA B. ADDUCI, as Commissioner of Motor Vehicles of the State of New York, et al., Respondents.

The petitioner claims that because the respondents' investigator failed to specifically identify the individual who performed the allegedly inadequate vehicle inspection, the determination is not supported by substantial evidence (see, Matter of Pell v Board of Educ., 34 NY2d 222). His own testimony, however, identifying the employee and acknowledging that an inspection was conducted, vitiates this argument. Moreover, the petitioner was not deprived of a fair hearing. The record discloses that the petitioner had an ample opportunity to cross-examine the witness who gave material testimony against him (see, Matter of Erdman v Ingraham, 28 AD2d 5).

The petitioner's contention that the employee and not the petitioner is ultimately responsible for the illegal conduct is without merit (see, 15 NYCRR 79.8 [b]; 79.17 [c] [1]). Lastly, the penalty of license revocation was not so disproportionate to the offense as to be shocking to one's sense of fairness (see, Schaubman v Blum, 49 NY2d 375; Matter of Purdy v Kreis-

*berg,* 47 NY2d 354; *Matter of Pell v Board of Educ., supra).* Weinstein, J. P., Eiber, Sullivan and Balletta, JJ., concur.