OPINION OF THE COURT
Robert Roberto, Jr., J.
In this CPLR article 78 proceeding, petitioner, Avinoam Shalit, has asked the court to vacate and annul respondent’s previous determination to penalize and suspend the license of his automobile repair shop. Respondent has moved to dismiss petitioner’s request pursuant to CPLR 3211 (a) (7). For the reasons hereinafter stated, respondent’s motion is granted and Mr. Shalit’s petition is accordingly dismissed.
The facts of this dispute are as follows: Petitioner operates an automobile repair shop known as A North Carburetor & Ignition (NCI) which is licensed by the Department of Motor Vehicles of New York State (DMV). Subsequent to a complaint filed by Mr. and Mrs. Al Snoeck of Bayside, New York, DMV conducted an investigation of petitioner’s repair shop. After an administrative hearing held in October 1989, Mr. Shalit was found to have violated the Vehicle and Traffic Law of New York, as well as the Rules and Regulations issued by the DMV Commissioner.
The Administrative Law Judge (ALJ) concluded, inter alla, that petitioner, in attempting to "repair” the Snoecks’ car, had cut the wires of the engine warning light, installed an incorrect carburetor and oxygen sensor and failed to honor a repair guarantee. On petitioner’s appeal these findings were *243 affirmed by the Repair Shop Review Board and the Commissioner of DMV. Due to the "proven charge of fraud”, the $1,300 fine previously imposed by the ALJ was increased to $2,100 and a 15-day suspension was invoked by the Commissioner as well.
Prior to the ALJ’s initial determination and in a separate proceeding in small claims court, Mr. and Mrs. Snoeck were awarded a judgment of $110.09 against Mr. Shalit’s auto shop to recover for damages that resulted from defective auto repair.
Petitioner has set forth numerous reasons why respondent’s administrative determinations should be vacated. However, in spite of any financial hardship that Mr. Shalit may endure as a result of being fined and suspended, vacating the explicit conclusions of DMV would be contrary to both statutory intent and clearly established principles of New York law.
In seeking to overturn the factual findings of the ALJ, as well as the Repair Shop Review Board, petitioner has placed considerable reliance on the outcome of the small claims proceeding involving petitioner and the Snoecks, the parties which initially filed the complaint with DMV. Petitioner finds it particularly compelling that, in spite of seeking over $600 as compensatory damages, the Snoecks were awarded only $110 due to petitioner’s negligent repair. In the process, the small claims Judge, according to petitioner, specifically rejected numerous claims regarding deficient repair work. It is petitioner’s position that factual issues resolved in the small claims proceeding should not have been relitigated in the administrative hearing under the doctrine of collateral estoppel. Therefore, while the ALJ made numerous findings of defective, negligent and fraudulent repair, such a determination was improper because the small claims Judge had previously made contrary findings.
The court finds petitioner’s argument and terminology not only confusing, but also contrary to the statutory intent of relevant sections of the Vehicle and Traffic Law. Although in petitioner’s papers the terms res judicata and collateral estoppel are used somewhat interchangeably, the court can only conclude that his argument on this issue is based on the latter principle. It is black letter law that the elements of collateral estoppel are: (1) the issues on which collateral estoppel is being asserted must be identical in both actions; and (2) the party to be precluded from relitigating the issues must have *244 had a full and fair opportunity to contest the prior determination (Kaufman v Lilly & Co., 65 NY2d 449, 455; see also, Kret v Brookdale Hosp. Med. Center, 93 AD2d 449, 455 [2d Dept 1983]). Neither of these elements are satisfied in the instant action. While the first action in small claims court dealt with a damages award to the Snoecks, the administrative proceeding dealt with licensure and penalties imposed by the State. Furthermore, the judgment awarded by the small claims Judge did not, in any part, rest on a violation of the Vehicle and Traffic Law as did the ALJ’s determination in the second action.
Petitioner’s preclusion argument is also in conflict with the purpose of section 398-a of the Vehicle and Traffic Law, under which petitioner’s violations, in part, were predicated. Known as the "Motor Vehicle Repair Shop Registration Act” the purpose of article 12-A of the Vehicle and Traffic Law is "to protect the consumers of this state from dishonest, deceptive and fraudulent practices in the repair of * * * motor vehicles”, as well as "to exclude from * * * business those persons who engage in dishonest or fraudulent practice or who otherwise demonstrate unfitness for [automotive repair]” (Vehicle and Traffic Law § 398-a). With the New York State Legislature so explicit in its protection of New York motorists, it is difficult to accept petitioner’s contention that DMV is now precluded from punishing petitioner due to a compensatory award in a small claims court. Petitioner’s argument ignores the fact that the Vehicle and Traffic Law is a shield behind which the DMV may exercise its regulatory authority and protect all consumers potentially injured by repair shops such as Mr. Shalit’s. It is troublesome to conclude, as petitioner would, that a small claims action by the Snoecks would preclude DMV from taking necessary administrative action so as to prevent additional economic hardships on other New York motorists.
Petitioner next contends that the DMV determination is not supported by substantial evidence and that he was penalized for having taken this issue up on administrative appeal. Both of these contentions are without merit. The Vehicle and Traffic Law provides that if any repair shop is found tó have violated any Vehicle and Traffic Law provisions and applicable regulations such findings may be appealed to the Repair Shop Review Board. Section 398-f (3) (b) (3) of the Vehicle and Traffic Law further provides that "[t]he transcript of any hearing will only be reviewed if it is submitted by the appel *245 lant who shall bear the expense of furnishing such transcript.” While petitioner claims that the Repair Shop Review Board could not have based its affirmation on such insufficient evidence, petitioner did not provide the Board with a transcript of the administrative hearing as authorized by the Vehicle and Traffic Law. In fact, Mr. Shalit specifically stated on the appeal form that he would not be providing a copy of the transcript to the Review Board. Having failed to submit a transcript of the hearing to the Review Board, petitioner, himself, has deprived the Board of its ability to consider claims based on insufficient evidence. (See, Matter of Richmond Hill Serv. Sta. v New York State Dept. of Motor Vehicles, 92 AD2d 688 [3d Dept 1983].)
In addition, the record does not in any way indicate that petitioner has been penalized by the Review Board for taking these issues up on appeal. More accurately, petitioner has neglected to recognize the authority of section 398-f (3) (a) of the Vehicle and Traffic Law. This section provides, in part, that the Review Board may "affirm, reverse or modify the initial determination of the hearing officer”. While petitioner has characterized the Review Board’s increased fine as a penalty, it was well within the authority of the Board to increase petitioner’s fine and add a 15-day suspension as well. (See, Matter of Sil-Tone Collision v Foschio, 63 NY2d 406 [1984]; Matter of Carmel Collision Specialists v Commissioner of Motor Vehicles, 64 NY2d 1148 [1985].) Based on the factual findings made by the AU, it was wholly rational and proper for the $1,300 fine to be increased on the appellate level.
Lastly, petitioner contends that DMV was statutorily precluded from investigating the Snoecks’ complaint, and, therefore, without authority to render any administrative findings. Section 82.10 of the DMV Commissioner’s Regulations (15 NYCRR) provides in part: "Consumer complaints. The commissioner will accept complaints against a repair shop up to 90 days or 3,000 miles after completion of the repairs, whichever comes first. All complaints that are signed shall be reviewed or investigated except those that fall outside the jurisdiction of the act.” Petitioner contends that because the Snoecks’ complaint was made more than 90 days after Mr. Shalit "repaired” their car, the administrative proceeding was barred because of the above regulation (in addition, it is not disputed that the Snoecks had driven their car more than 3,000 miles prior to making their complaint). The court does not share petitioner’s interpretation of this regulation. The *246 purpose of this provision is to establish a period of time in which DMV is required to accept consumer complaints for investigation and/or review. Contrary to petitioner’s analysis, the regulation does not, in any way, preclude DMV from accepting complaints received after 90 days or 3,000 miles after completion of the "repairs” in question. The fact that the Snoecks’ complaint was made after these 90 days and 3,000 miles cutoff periods, did not in any manner prevent DMV from investigating the complaints filed against Mr. Shalit’s auto shop.
In sum, factual determinations made in small claims court did not preclude the AU from concluding that petitioner had violated the Vehicle and Trafile Law and relevant regulations. Petitioner’s failure to provide the Review Board with a transcript of the administrative hearing prevents appellate review of evidentiary issues. DMV was well within its authority to not only investigate the initial complaint filed by the Snoecks, but also to increase the penalty following petitioner’s appeal. For the foregoing reasons, the petition of Avinoam Shalit is dismissed and respondent’s motion to dismiss is granted.