■ In the Matter of MADISON AUTOMOTIVE SERVICE CENTER, INC., et al., Petitioners, v PATRICIA B. ADDUCI, as Commissioner of the New York State Department of Motor Vehicles, Respondent. [600 NYS2d 813] —Mahoney, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which, *inter alia,* suspended petitioners' licenses to inspect motor vehicles for 45 days.

At issue in this proceeding is whether substantial evidence supports respondent's determination that petitioner Madison Automotive Service Center, Inc., a licensed motor vehicle inspection station, and petitioner Michael W. Wolf, a certified inspector, violated Vehicle and Traffic Law § 303 (e) (1) and 15 NYCRR 79.17 (b) (1), respectively, by failing to conduct a motor vehicle inspection in conformity with the requirements set forth in 15 NYCRR 79.21. A review of the record establishes that a concealed identity investigation of Madison's establishment was conducted by a Department of Motor Vehicles automotive facilities inspector on October 20, 1990. Upon arrival, the investigator gave the pertinent information for the inspection of a 1988 Plymouth Horizon. The investigator admitted that he lost sight of the vehicle for 10 to 20 minutes while he was waiting for it to be brought into the facility, but indicated that he did see the entire in-facility inspection. According to him, the vehicle hood was never opened with the result that the under-hood inspections, i.e., the brake, master cylinder, power steering unit and emission system checks,

were not done, no headlight aiming device was used, and the seat belt mechanism was not checked. While Madison's service manager testified that he did not recall seeing the investigator in the facility, but only in the adjacent snack bar and that it was not possible to see the vehicle from that spot because it was blocked by the presence of vehicles in the other facility bays, the Administrative Law Judge (hereinafter the ALJ) credited the investigator's testimony and found petitioners guilty as charged. Madison's license and Wolf's certification both were suspended for 45 days and each was fined $100. Following respondent's affirmance of the ALJ's determination, petitioners commenced the instant proceeding which was transferred to our Court pursuant to CPLR 7804 (g).

Petitioners urge that even crediting the investigator's testimony that he saw the entire in-facility inspection, respondent still has failed to satisfy her burden of proving an incomplete inspection because the investigator lost sight of the vehicle for 10 to 20 minutes before it was brought into the inspection bay. According to petitioners, there is nothing to suggest that the assertedly omitted portions of the inspection were not done before the vehicle was brought into the facility. We disagree. A review of the investigator's testimony reveals that shortly after the inspection, he returned to Madison and spoke with the manager, Howard Rice, and Wolf about the incomplete inspection. The investigator indicated that during this meeting Wolf expressly rebutted certain of the allegations and explained others, and that these explanations were credited and resulted in the removal of certain inspection omissions from the charges. However, according to the investigator Wolf did not dispute the allegations that he failed to open the hood, aim the headlights or check the seat belts. The presence of such testimony, accompanied by the fact that under 15 NYCRR 79.20 (b) all inspections, except brake testing, must be conducted within the enclosed portion of the official inspection station (15 NYCRR 79.20 [b]), is sufficient to sustain respondent's burden of proving an incomplete inspection. While Wolf, who was unable to recall the specifics of the inspection at the time of hearing, attempted to explain his conceded failure to dispute these charges at the time, this merely created a credibility issue which the ALJ resolved in respondent's favor. On this record, we see no reason to disturb that finding.

As a final matter, we see nothing shocking about the 45-day suspension and fine imposed as a consequence of these violations (see, Matter of Pell v Board of Educ., 34 NY2d 222).

Weiss, P. J., Mercure and Casey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.