■ In the Matter of PATRICK ROMANELLO, Doing Business as PAT & DOM'S BODY & FENDER REPAIR, INC., Appellant, v PATRICIA B. ADDUCI, as Commissioner of the State of New York Department of Motor Vehicles, Respondent. [651 NYS2d 64] —In a proceeding pursuant to CPLR article 78 to review a determination of the State of New York Department of Motor Vehicles, dated December 2, 1994, which, after a hearing, *inter alia,* suspended the petitioner from doing business as a repair shop for 30 days and imposed a civil penalty of $3,135.61, the petitioner appeals from so much of an order and judgment (one paper) of the Supreme Court, Kings County (I. Aronin, J.), dated December 15, 1995, as, upon transferring to this Court the question of whether the determination was supported by

substantial evidence pursuant to CPLR 7804 (g), denied the petition insofar as it claimed that the State of New York Department of Motor Vehicles lacked jurisdiction to maintain the administrative proceeding.

Ordered that the order and judgment is affirmed insofar as appealed from; and it is further,

Adjudged that the determination is confirmed and the proceeding is otherwise dismissed on the merits; and it is further,

Ordered that the respondent is awarded one bill of costs.

We find no merit to the appellant's contention that the State of New York Department of Motor Vehicles (hereinafter the DMV) lacked jurisdiction based on the appellant's allegation that the administrative complaint was not timely filed. The regulation cited by the appellant, 15 NYCRR 82.10, establishes a period of time within which the DMV is required to accept consumer complaints and does not preclude the DMV from pursuing complaints which are received after this period (see, *Matter of Sarkisian Bros. v State Div. of Human Rights*, 48 NY2d 816; *Shalit v State of N. Y. Dept. of Motor Vehicles*, 153 Misc 2d 241).

We also disagree with the appellant's contention that the determination of the Administrative Law Judge, who found that the appellant had wilfully performed nonquality repair work on the complainant's vehicle, was not supported by substantial evidence. We conclude that the determination was supported by substantial evidence, including expert testimony that the appellant had performed nonquality work.

The appellant's final contention, that the penalty imposed was harsh and excessive, is also without merit. We agree with the DMV that the fine and suspension was an appropriate and proportionate penalty and was not so shocking to one's sense of fairness as to warrant annulment (see, *Matter of Pell v Board of Educ.*, 34 NY2d 222). The appellant's misconduct created a hazard in the vehicle because it was improperly repaired. Under all the circumstances presented, the penalty imposed, which consisted primarily of restitution, was appropriate. Rosenblatt, J. P., Sullivan, Copertino and Joy, JJ., concur.