■ In the Matter of NEMAT HEYDARI, Doing Business as A-1 AUTO SALES, Petitioner, v RICHARD JACKSON, as Commissioner of the New York State Department of Motor Vehicles, Respondent. [655 NYS2d 168] —Casey, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which, *inter alia*, revoked petitioner's inspection station license.

Petitioner, a licensed car dealer, was also licensed to perform inspections as an automotive inspection station. In this capacity, following a random investigation and audit, petitioner was charged with three violations relating to his operation of the automobile inspection station and with four violations relating to his operation of the licensed dealership.

Following an administrative hearing, the Administrative Law Judge (hereinafter ALJ) sustained the three charges relating to petitioner's operation of the inspection station, revoked petitioner's inspection station license and imposed a $350 fine for each violation. The ALJ also sustained the four violations of petitioner's dealership license only insofar as these violations pertained to a 1981 Chrysler Cordoba vehicle and imposed a fine of $500 for each violation. Charges were not sustained with respect to any other vehicle. The ALJ's determination was affirmed on administrative appeal. Petitioner then instituted this CPLR article 78 proceeding to review this determination and it has been transferred to this Court.

Whatever insufficiencies may ultimately be found in the investigation conducted by the inspector for the Department of Motor Vehicles, there is nevertheless substantial evidence in the record to support the determination under review (*see generally, Matter of Madison Automotive Serv. Ctr. v Adduci*, 195 AD2d 899). Petitioner's own testimony, in conjunction with the documentary evidence and the inspector's testimony, form an adequate basis for the determination. The inspector testified that when he checked the information on petitioner's VS-1074 forms, none of the 11 vehicles that the inspector randomly

selected conformed with the information contained in the Department's computer files. This testimony was supported by the ALJ when he independently accessed the Department's computer files, after petitioner's attorney requested a continuance to access the Department's files. Furthermore, when the ALJ checked additional registration numbers, two out of three did not match the Department's computer files. This finding, coupled with petitioner's admission that his records might be inaccurate, supports respondent's determination that he violated 15 NYCRR 79.12 (a) and (e) and Vehicle and Traffic Law § 303 (e) (1), and the rules and regulations promulgated thereunder. On his part, petitioner made no showing that he performed inspections on the vehicles actually listed on his VS-1074 forms. In fact, petitioner admitted that he did not keep invoices which might have provided independent confirmation of such inspections. Petitioner's failure to keep accurate records in any form is sufficient to sustain the inspection station charges.

There is also substantial evidence to support the dealership violations. Petitioner violated 15 NYCRR 78.15 and 78.17 by failing to remove the inspection certificate and the validation sticker when he took control of a 1981 Chrysler Cordoba, as required by the regulations. Petitioner's own technicians established that he had the Cordoba from about January 26, 1993 and did not yet have title on February 23, 1993 when the inspector performed his field audit. The owner indicated that he put the vehicle on petitioner's lot on January 21, 1993. Nor was the vehicle registered in a timely fashion as required by the regulations. Petitioner admitted that his book of registry was not in chronological order and was thoroughly unreliable because he took cars from a dealer whose license had been revoked and fraudulently ran them through his own business because that dealer could not legally sell vehicles under his own name. This testimony of petitioner supports the dealership violations.

Petitioner further contends that he is entitled to a new hearing because of critical procedural errors and the bias of the ALJ, who denied his attempt to question the investigator about the manner in which he conducted the investigation. The record, however, reveals that petitioner was not prejudiced by any limitation of his right to question the investigator. The ALJ made clear that his decision would be based chiefly on petitioner's own testimony. We further find that the ALJ did not unduly attempt to aid respondent in proving its case. Rather, the ALJ sought to clarify the issues, develop the facts

and give petitioner access to information (*see, People v Jamison*, 47 NY2d 882, 883-884; *People v Gilbert*, 103 AD2d 967, 968).

Petitioner also claims that the charges are unfair and duplicative. We find this contention meritless. There is no duplication when there are multiple violations for the same underlying acts. Finally, because the penalties fall within the permissible range of the sanctions imposed, they should be sustained (*see, e.g., Matter of Acer v State of N. Y. Dept. of Motor Vehicles*, 175 AD2d 618). Therefore, the determination should be confirmed in all respects.

Crew III, J. P., Peters, Spain and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.