▪ In the Matter of JOHN BRADY, Respondent, v DEPARTMENT OF MOTOR VEHICLES et al., Appellants. [717 NYS2d 906] —In a proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the respondent Department of Motor Vehicles dated January 16, 1997, and confirmed March 3, 1998, which, after a hearing, found that the petitioner had violated Vehicle and Traffic Law § 392 and suspended his driver's license, the Department of Motor Vehicles and the Commissioner of Motor Vehicles appeal from a judgment of the Supreme Court, Nassau County (O'Connell, J.), entered June 28, 1999, which granted the petition, and annulled the determination.

Ordered that the judgment is reversed, on the law, with costs, the determination is confirmed, and the proceeding is dismissed on the merits.

The Supreme Court erred in concluding that the respondent Department of Motor Vehicles (hereinafter the DMV) exceeded its authority by "prosecuting" the petitioner for a violation of Vehicle and Traffic Law § 392. Pursuant to Vehicle and Traffic Law § 510, the DMV had the authority to suspend the petitioner's driver's license based on its administrative finding of a violation of Vehicle and Traffic Law § 392 (*see,* Vehicle and Traffic Law § 510 [7]). The suspension or revocation of a driver's license is a civil sanction (*see, Barnes v Tofany,* 27 NY2d 74,

77-78; *People v Ferraiolo,* 223 AD2d 556; *Reed v New York State Dept. of Motor Vehicles,* 59 AD2d 974; *Harmon v Tofany,* 45 AD2d 924). A criminal conviction is not necessary to sustain a revocation or suspension of a driver's license (*see,* Vehicle and Traffic Law § 510 [7]; *Matter of Gregson v Hults,* 23 AD2d 911, *affd* 16 NY2d 936; *Matter of Smith v Hults,* 50 Misc 2d 240).

The petitioner's failure to supply a copy of the hearing transcript to the Appeals Board of the DMV precludes this Court from reaching the issue of whether the administrative finding of guilt was supported by substantial evidence (*see, Matter of Richmond Hill Serv. Sta. v New York State Dept. of Motor Vehicles,* 92 AD2d 688; *Shalit v Motor Vehicles Dept.,* 153 Misc 2d 241). In any event, based on the facts as stated by the Appeals Board, there is no basis to disturb the Commissioner's determination. Mangano, P. J., Bracken and Thompson, JJ., concur.

Florio, J., dissents and votes to affirm in the following memorandum, with which S. Miller, J., concurs. The Supreme Court properly granted the petition and annulled the determination of the Department of Motor Vehicles (hereinafter the DMV). The facts as stated by the Appeals Board of the DMV were insufficient to support its finding that the petitioner violated Vehicle and Traffic Law § 392 (*see, People v Gray,* 154 AD2d 547; *People v Ortiz,* 107 AD2d 824). In these unique circumstances, where the Appeals Board itself made findings of fact notwithstanding the lack of a hearing transcript, we are not constrained from examining the sufficiency of the facts as stated by the Appeals Board in its determination (*cf., Matter of Richmond Hill Serv. Sta. v New York State Dept. of Motor Vehicles,* 92 AD2d 688).