OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
The Department of Motor Vehicles (DMV) charged petitioner with violating Vehicle and Traffic Law § 392, which provides that “[a]ny person * * * who shall deceive * * * in connection with any examination * * * shall be guilty of a misdemeanor.” Following a hearing, an Administrative Law Judge (ALJ) found that petitioner committed such deception in connection with the written portion of a Commercial Driver’s License test when, contrary to DMV’s test procedures and explicit directions, he left the testing area with the test materials, giving rise to a risk of their illegal use. The ALJ found this constituted “cheating” and “attempt[ing] to gain an unfair advantage,” and suspended petitioner’s driver’s license for 60 days. The DMV Board of Appeals confirmed the ALJ’s determination.
Petitioner then commenced this proceeding pursuant to CPLR article 78. Supreme Court granted the petition and annulled the determination. The Appellate Division reversed, confirmed the determination and dismissed the proceeding, with two Justices dissenting (278 AD2d 233). Petitioner appeals as of right pursuant to CPLR 5601 (a), and we now affirm.
With some exceptions, drivers’ licenses may be suspended or revoked for any violation of the Vehicle and Traffic Law, and “a court conviction shall not be necessary to sustain a revocation or suspension” (Vehicle and Traffic Law § 510 [7]; see also Matter of Barnes v Tofany, 27 NY2d 74 [1970]). Indeed, petitioner was not convicted of violating section 392 or of any other crime. Rather, in an administrative proceeding, the ALJ found that petitioner had engaged in deception in connection with the Commercial Driver’s License test, violating Vehicle and Traffic Law § 392 and thus establishing the predicate for the administrative act of suspending his license. Petitioner’s failure to submit a copy of the hearing transcript to the Board precludes this Court from addressing whether substantial evidence supported this administrative determination (see Matter of Richmond Hill Serv. Sta. v New York State Dept. of Motor Vehicles, 92 AD2d 688, 688-689 [3d Dept 1983]). Petitioner’s remaining contentions lack merit.
Chief Judge Kaye and Judges Smith, Levine, Ciparick, Wesley, Rosenblatt and Graffeo concur.
Order affirmed, with costs, in a memorandum.