■ In the Matter of CIPRY AUTOMOTIVE, INC., et al., Petitioners, v NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES et al., Respondents. [899 NYS2d 285]—

Proceeding pursuant to CPLR article 78 to review four determinations of the New York State Department of Motor Vehicles Administrative Appeals Board, two dated January 25, 2005, and two dated February 22, 2005, respectively, which confirmed the findings of two administrative law judges that the petitioners violated 15 NYCRR 79.24 (e) by failing to test vehicles according to high-enhanced emissions dynamometer test procedures, revoked the petitioners' motor vehicle inspection station license and certified inspector's license, and directed the petitioners to pay civil penalties.

Adjudged that the amended petition is denied, the determinations are confirmed, and the proceeding is dismissed on the merits, with costs.

Following a hearing on March 4, 2004, resulting from an inspection station desk audit conducted by Kenneth Minnick, an inspector for the New York State Department of Motor Vehicles (hereinafter the DMV), the petitioners Cipry Automotive, Inc. (hereinafter Cipry), a licensed motor vehicle inspection station, and its station manager, Peter Christensen, a certified inspector, were found to have violated 15 NYCRR 79.24 (e) by failing to test vehicles according to high-enhanced emissions dynamometer test procedures. The administrative law judge (hereinafter ALJ) who conducted that hearing revoked Cipry's motor vehicle inspection station license and Christensen's certified inspector's license, and directed the petitioners to pay civil penalties. In two determinations dated January 25, 2005, the DMV Administrative Appeals Board upheld these findings and penalties on administrative appeal.

Following a hearing on September 2, 2004, resulting from a subsequent inspection station desk audit conducted by Inspector Minnick, the petitioners were found, for a second time, to have violated 15 NYCRR 79.24 (e) by failing to test vehicles according to high-enhanced emissions dynamometer test procedures. The ALJ who conducted the second hearing revoked Cipry's motor vehicle inspection station license and Christensen's certified inspector's license, and directed the petitioners to pay civil penalties. The petitioners filed administrative appeals but failed to submit a copy of the hearing transcript to the DMV Administrative Appeals Board. In two determinations dated February 22, 2005, the DMV Administrative Appeals

Board limited the appeals to the issue of whether the penalties imposed were excessive, and affirmed these penalties.

The petitioners commenced this proceeding pursuant to CPLR article 78 to review the determinations of the DMV Administrative Appeals Board. We confirm the determinations.

With respect to the determinations dated January 25, 2005, a review of the record clearly demonstrates that the findings of the ALJ are supported by substantial evidence (*see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 231-232 [1974]; *Matter of Madison Automotive Serv. Ctr. v Adduci*, 195 AD2d 899 [1993]; *Matter of Ralph Oldsmobile v Adduci*, 170 AD2d 454 [1991]). The testimonial and documentary evidence presented by Inspector Minnick was not substantively challenged to any great degree during the hearing, and the petitioners offered no affirmative evidence to contest the charges.

With respect to the determinations dated February 22, 2005, the petitioners' failure to submit a copy of the hearing transcript to the DMV Administrative Appeals Board precludes this Court from addressing whether substantial evidence supported these administrative determinations (*see Matter of Brady v Department of Motor Vehs.*, 98 NY2d 625 [2002]; *Matter of Herskovic v New York State Dept. of Motor Vehs.*, 57 AD3d 995 [2008]; *Matter of Richmond Hill Serv. Sta. v New York State Dept. of Motor Vehs.*, 92 AD2d 688, 688-689 [1983]).

Under the circumstances of this case, the penalties imposed were not so disproportionate to the offenses so as to be shocking to one's sense of fairness (*see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d at 233-235; *Matter of Empire Auto Care, Inc. v New York State Dept. of Motor Vehs.*, 55 AD3d 730 [2008]). Covello, J.P., Florio, Eng and Chambers, JJ., concur.