# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1289**

**TP 12-00264**

PRESENT: SCUDDER, P.J., CENTRA, VALENTINO, WHALEN, AND MARTOCHE, JJ.

---

IN THE MATTER OF CHARLES E. WATSON, INDIVIDUALLY
AND DOING BUSINESS AS C.E.W. MOTORS, PETITIONER,

V                                                    MEMORANDUM AND ORDER

BARBARA J. FIALA, NEW YORK STATE COMMISSIONER OF
MOTOR VEHICLES, RESPONDENT.

---

LEONARD A. ROSNER, ROCHESTER, FOR PETITIONER.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (OWEN DEMUTH OF
COUNSEL), FOR RESPONDENT.

---

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by judgment (denominated order) of the Supreme Court, Monroe County [William P. Polito, J.], entered January 18, 2012) to review the determinations of respondent. The determinations revoked petitioner's inspection station license and his certified inspector license.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs, the determinations are confirmed and the petition is dismissed in its entirety.

Memorandum: Respondent charged petitioner, individually and doing business as C.E.W. Motors, with violating Vehicle and Traffic Law § 303 (e) (3) and 15 NYCRR 79.17 (b) (1) and 79.24 (i), concerning an inspection petitioner performed on a "concealed identity vehicle." Petitioner appeared before the Administrative Law Judge (ALJ) without the benefit of counsel and, following a hearing, the ALJ found petitioner guilty of all three charges. Finding that "[petitioner's] testimony exhibited the most complete and thorough disregard of the State laws and the Commissioner's regulations when performing New York State inspections that [he had] hear[d] in . . . 19 years," the ALJ revoked the inspector's card issued to petitioner as well as C.E.W. Motors' inspection station license.

Petitioner hired an attorney and filed administrative appeals challenging the ALJ's determinations. In each of the administrative appeals, petitioner sought review of "both the findings and the revocation" of his inspector's card and license. He contended that vacatur was justified because he proceeded without the benefit of counsel, there was insufficient evidence supporting the

"conviction(s)," and the penalty imposed was disproportionately severe.  Petitioner did not file a transcript of the administrative hearing with his administrative appeals, although he had received notifications informing him that it was his obligation to do so.

The Administrative Appeals Board (Board) affirmed the determinations, noting that petitioner's administrative appeals raised "issues of fact [that] would require transcript review."  With respect to petitioner's challenges to the penalty, the Board affirmed the penalties, finding that they "were not an abuse of discretion."

Petitioner commenced this CPLR article 78 proceeding to challenge the Board's determinations.  Although petitioner contended in the petition that he was challenging only the penalty, he also contended that the determinations should be vacated because they were "unsupported by substantial evidence."  We thus conclude that Supreme Court properly addressed the merits of petitioner's challenge to the penalty and thereafter properly transferred the matter to this Court.  We now affirm the judgment and confirm the determinations.

Petitioner contends that the determinations should be vacated because he appeared at the administrative hearing without the benefit of counsel.  That contention lacks merit.  "Aside from certain narrow exceptions . . . , the right to counsel . . . does not extend to civil actions or administrative proceedings . . . Due process considerations in such cases require only that a party to an administrative hearing be afforded the opportunity to be represented by counsel.  Here, the record indicates that [petitioner] was provided with an adequate opportunity to obtain legal representation" (*Matter of Baywood Elec. Corp. v New York State Dept. of Labor*, 232 AD2d 553, 554).

Contrary to petitioner's further contention, the penalty of revocation is not "so disproportionate to the offense, in the light of all the circumstances, as to be shocking to one's sense of fairness" (*Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 233 [internal quotation marks omitted]).  To the extent that petitioner may be deemed to contend that the determinations are not supported by substantial evidence, that contention cannot be addressed due to petitioner's failure to file a transcript of the administrative hearing (*see Matter of Brady v Department of Motor Vehs.*, 98 NY2d 625, 626; *Matter of Cipry Auto., Inc. v New York State Dept. of Motor Vehs.*, 72 AD3d 816, 817; *see generally* Vehicle and Traffic Law §§ 228 [5]; 398-f [3] [b] [3]).

Entered:  December 21, 2012                    Frances E. Cafarell
                                               Clerk of the Court