■ In the Matter of SAN MIGUEL AUTO REPAIR CORP. et al., Petitioners, v STATE OF NEW YORK DEPARTMENT OF MOTOR VEHICLES et al., Respondents. [974 NYS2d 386]—

Determination of respondents, dated October 25, 2011, which affirmed a decision of the Administrative Law Judge (ALJ)

revoking the inspection station license of petitioner San Miguel Auto Repair Corp. (San Miguel), and imposing a civil fine in the amount of $15,500, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, Bronx County [Kenneth L. Thompson, Jr., J.], entered on or about September 26, 2012), dismissed, without costs.

Respondents' determination is supported by substantial evidence, including the testimony of an automotive facilities inspector, who stated that San Miguel had fraudulently certified that it had conducted emissions inspections on 31 vehicles (*see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176 [1978]). The fact that respondents charged San Miguel with either using a clean vehicle or an electronic device to perform the "clean scans," in order to produce false passing emissions, did not render the allegations speculative. Rather, the investigator unequivocally testified that the 31 vehicles at issue had identical digital fingerprints and communication protocols, despite consisting of different makes and models.

Petitioner Andres Moncion's alleged lack of awareness of the misconduct of a certified inspector at San Miguel does not relieve petitioners of the responsibility for inspection activities conducted at the facility (*see* 15 NYCRR 79.8 [b]; 79.17 [c] [1]; *see also Matter of Weston v Adduci*, 140 AD2d 444 [2d Dept 1988]).

The ALJ's efforts here "to clarify issues [and] develop facts" do not evidence bias or act to deprive petitioners of their due process rights (*Matter of Somma v Jackson*, 268 AD2d 763, 764 [3d Dept 2000]).

The penalty imposed in connection with 31 separate violations of "clean scanning" vehicles occurring over a two month period does not shock our sense of fairness (*see Matter of Cipry Auto., Inc. v New York State Dept. of Motor Vehs.*, 72 AD3d 816 [2d Dept 2010]; *Matter of Heydari v Jackson*, 237 AD2d 763 [3d Dept 1997], *lv denied* 90 NY2d 802 [1997]).

We have considered petitioner's remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Acosta, Saxe, Richter and Feinman, JJ.