OPINION OF THE COURT
Steven M. Jaeger, J.
Application by petitioner in this hybrid CPLR article 78 proceeding and declaratory judgment action, to, inter alia, annul the determination of respondent Department of Motor Vehicles (DMV) denying his application for relicensure and to declare 15 NYCRR part 136, effective September 25, 2012, inter alia, unconstitutional, unlawful and ultra vires is denied.
*184 It is hereby declared that amended 15 NYCRR part 136 at issue herein, as applied to petitioner, is not unconstitutional, illegal or violative of due process. The decision by respondent DMV denying petitioner’s application for relicensure based on the amended regulation was rationally based and neither arbitrary nor capricious.
The issues raised herein having been fully argued by the parties, the proceeding/action is dismissed.
Petitioner, a self described “repeat DWI offender,” commenced this proceeding to challenge the denial of his application for relicensure by respondent DMV on February 27, 2013 (exhibit D of petition) and the constitutionality of amended 15 NYCRR part 136, promulgated by respondent DMAJ effective September 25, 2012.
In its letter of February 27, 2013, denying petitioner’s application, respondent DMV advised the petitioner that he was deemed a persistently dangerous driver whose driving record suggests that his “failure to observe the rules and regulations governing the operation of a motor vehicle constitutes a serious lack of regard . . . for the safety and welfare of other users of the highway.”
Petitioner’s appeal of the decision was denied by the Administrative Appeals Board of respondent DMV on July 30, 2013 which found that there was a rational basis for the decision given petitioner’s driving record, including three alcohol or drug related incidents or convictions and revocation of his license for an alcohol or drug related incident or conviction (exhibit F of petition). His arguments on appeal were that:
1. The enactment of the new regulations is patently unfair, as appellant pleaded guilty to violations of Vehicle and Traffic Law § 1192 (1) and (3) while being fully aware of the consequences. At the time of those pleas, the new regulations did not exist and appellant was not on notice that such pleas would affect his ability to ever receive a driver’s license in the future. With the enactment of the new regulations, the DMV has assessed additional penalties. Had the regulations existed at the time of the appellant’s pleas, he would not have pleaded guilty to any violation of Vehicle and Traffic Law § 1192.
2. The chemical test refusal which led to appellant’s inability to obtain a driver’s license was prosecuted in a DMV hearing office, where the standard of proof and rules of evidence are a far cry from a criminal court.
*185 3. It has been 24 years since appellant’s first alcohol-related conviction.
4. Appellant is a single father of three children and needs a license in order to earn a living. He cannot afford a taxi service and no mass transportation exists that will transport him from job site to job site. Appellant is also unable to meet the transportation requirements of his children.
In support of the instant application, petitioner argues that although his application[1] for relicensure should have been processed under the laws and regulations that were in effect on the date of his latest DWI related conviction, respondent DMV improperly and intentionally delayed processing his application, and improperly applied the new DMV regulations, effective September 25, 2012, retroactively.
Pursuant to the September 25, 2012 revision of the regulations of the respondent DMV¡ 15 NYCRR former 136.5 (b) provides that
“[u]pon receipt of a person’s application for relicensing, the Commissioner shall conduct a lifetime review of such person’s driving record. If the record review shows that:
“(1) the person has five or more alcohol- or drug-related driving convictions or incidents in any combination within his or her lifetime, then the Commissioner shall deny the application.
“(2) the person has three or four alcohol- or drug-related driving convictions or incidents in any combination within the 25 years preceding the date of the revocable offense and, in addition, has one or more serious driving offenses within the 25 years preceding the date of the revocable offense, then the Commissioner shall deny the application.”
Prior to the adoption of the revised regulations, when a person applied for relicensing after revocation, the applicant’s driving record for the 10 years prior to the date of the application was reviewed by the Driver Improvement Unit (DIU). A driver with two or more alcohol related incidents in the 10-year look back period would be assessed an extended waiting period of six months for each incident. In February 2011, part 136 of 15 NYCRR was amended in an attempt to strengthen the DMV’s *186 ability to deny relicensing to problem drivers. Concluding that the issue of problem drivers was still not resolved, as an emergency measure, on September 25, 2012, the respondent DMV filed a notice of emergency adoption and proposed rulemaking regarding 15 NYCRR parts 3, 134 and 136 (NY Reg, Oct. 10, 2012 at 13, 14, 17). All pending applications were thereafter reviewed based on the criteria set forth in amended part 136.
Under the new (emergency) regulations, the DIU is required to conduct a lifetime review of the applicant’s driving record (15 NYCRR 136.5 [b]). If the applicant has certain alcohol-related convictions he will be subject to sanctions. If the applicant has five or more alcohol-related convictions or incidents on his driving record, relicensing will be permanently denied. (15 NYCRR 136.5 [b] [1].) If the applicant has three or four alcohol or drug related convictions within the past 25 years, and has a serious driving offense, he can be permanently denied a license (15 NYCRR 136.5 [b] [2]). In the case of an applicant who has three or four alcohol-related convictions in the past 25 years, without a serious driving offense, the applicant’s license will be revoked for a period of five years, in addition to the statutory minimum revocation period (15 NYCRR 136.5 [b] [3]) after which he may be issued a class D permit or license with a problem driver restriction.
A person whose license has been permanently revoked can apply to respondent DMV after the expiration of five or eight years, for a waiver, but the Commissioner may refuse to restore the license in the interest of public safety and welfare (Vehicle and Traffic Law § 1193 [2] [b] [12] [b] [ii]; [e] [iii]; 15 NYCRR 136.10 [b]).
According to respondent DMV¡ the new regulations were developed in an effort to address the problems caused by drivers with a history of alcohol and/or drug related offenses in order to protect all those who share the public roadways.
Notwithstanding petitioner’s assertions to the contrary, respondent DMV has not, inter alia, acted arbitrarily and capriciously in denying his relicensure application. The new regulations, under which petitioner’s application was decided, are neither unconstitutional nor in conflict with Vehicle and Traffic Law § 1193 (2) (b) (12) or violative of the Ex Post Facto Clause of the United States Constitution (US Const, art I, § 10, cl 1).
Pursuant to Vehicle and Traffic Law §§ 501 (1); 510 (6) (a) and 1193 (2) (b) (3), (12) (b) and (2) (c) (1), the Commissioner of *187 Motor Vehicles is authorized to invoke his/her discretion to establish criteria and methodology for relicensing after revocation of a driver’s license. The Commissioner has been granted broad, explicit and exclusive administrative authority over the issuance of driver’s licenses and the authority to adopt the rules and regulations to carry out respondent DMV’s functions (see Boreali v Axelrod, 71 NY2d 1 [1987]). Part 136 of the regulations does not restrict the Commissioner’s authority to review each application on a case-by-case basis and to consider unusual extenuating and compelling circumstances (15 NYCRR 136.5 [b]).
As pointed out in Matter of Acevedo v New York State Dept. of Motor Vehs. (2014 NY Slip Op 30422[U], *30 [Sup Ct, Albany County 2014]), part 136 falls squarely within the policy and purposes of the provisions of the Vehicle and Traffic Law to protect public safety and welfare and carries out the Commissioner’s legislatively delegated authority.
Analysis
It is well settled that the ability to drive and possess a driver’s license is a privilege, subject to reasonable regulation, not a right. Since the issuance of a driver’s license is a privilege granted by the State, and not a right, the State can condition receipt of it, or absolutely revoke it (People v Walters, 30 Misc 3d 737, 750 [Watertown City Ct 2010]; People v Sukram, 142 Misc 2d 957, 959-960 [Nassau Dist Ct, 1st Dist 1989]).
The suspension or revocation of a driver’s license is a civil sanction (Matter of Brady v Department of Motor Vehs., 278 AD2d 233 [2d Dept 2000], affd 98 NY2d 625 [2002]). It has been held that suspension or revocation of the privilege of operating a motor vehicle is essentially civil in nature having as its aim the chastening of the errant motorist and protection of the public (Matter of Barnes v Tofany, 27 NY2d 74, 78 [1970]). Once revoked, a driver’s license may be restored only at the direction of the Commissioner of Motor Vehicles (Vehicle and Traffic Law § 510 [5]).
The court’s review of a discretionary administrative action, such as the issuance of a license, is limited to finding whether there was a rational basis for the administrative action (Matter of Sullivan County Harness Racing Assn. v Glasser, 30 NY2d 269, 278 [1972]). Here the issue for consideration is whether the challenged determination, in this case, the denial of petitioner’s relicensure application, was arbitrary and capricious or an abuse of discretion (Matter of Arrocha v Board of Educ. of City of N.Y., 93 NY2d 361, 363 [1999]). The court may *188 not substitute its judgment for that of the administrative body unless the decision under review is arbitrary and capricious and constitutes an abuse of discretion (Matter of Boatman v New York State Dept. of Educ., 72 AD3d 1467, 1468 [3d Dept 2010]). An action is arbitrary if it is without sound basis in reason and is taken without regard to the facts (Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 230, 231 [1974]). Once a rational basis for the administrative determination is shown, the judicial review function is complete and the agency’s determination must be upheld even if the court may have reached a contrary result (Matter of Sullivan County Harness Racing Assn. v Glasser at 276).
Petitioner has failed to establish that the respondent DMV’s decision to deny relicensure was not made in accordance with lawful procedure; was affected by an error of law; or was arbitrary/capricious or an abuse of discretion.
Where, as here, an agency’s determination is rationally based, it will be upheld by the court which will defer to an agency’s interpretation of its own regulations which is not manifestly irrational or unreasonable (Matter of Marzec v DeBuono, 95 NY2d 262, 266 [2000]).
It bears noting that the petitioner’s driving history, as set forth in the decision denying his application, includes the following:
VIOLATION DATE INCIDENTS/CONVICTIONS/ACCIDENTS
12/12/2010 Refusal of chemical test
11/11/2000 Followed too closely Speeding 79/55
06/27/1999 Fail to stop at sign
05/17/1995 No seat belt
02/09/1991 Driving with .10% alcohol
08/29/1990 Failed to stop at sign
03/11/1989 No seat belt
02/19/1989 Driving while impaired
02/03/1987 Speed in zone 45/30 Aggravated unlicensed operation: infraction
06/13/1985 Operating without insurance
Accidents:
06/23/1990 Personal injury
03/04/1990 Personal injury
07/12/1987 Personal injury: property damage
*189 Petitioner’s application was denied based on the respondent DMV’s finding that petitioner’s failure to observe the rules and regulations governing operation of a motor vehicle contributed to a serious lack of regard for the safety and welfare of fellow drivers. Despite petitioner’s assertions to the contrary, nothing within the Vehicle and Traffic Law prohibits respondent DMV from imposing additional requirements upon an applicant seeking to regain his license after multiple alcohol or drug related convictions, provided they have a rational basis.
The court rejects petitioner’s contention that the denial of his application for relicensure pursuant to revised 15 NYCRR 136.5 (a) (3) and (b) (3) (i), instead of pursuant to the regulation in effect at the time of petitioner’s last DWI offense on December 12, 2010, was an impermissible retroactive application of said regulations and constitutes an impermissible ex post facto penalty.
The Ex Post Facto Clause of article I, § 10, clause 1 of the United States Constitution[2] prohibits states from enacting laws that retroactively alter the definition of a crime or increase the punishment for criminal acts (People v Parilla, 109 AD3d 20 [1st Dept 2013], lv denied 21 NY3d 865 [2013]). A statute will be considered an ex post facto law if it punishes as a crime an act previously committed, which was innocent when done, makes more burdensome the punishment for a crime, after its commission, or deprives one charged with a crime of any defense available according to law at the time when the act was committed (People v Foster, 87 AD3d 299, 306 [2d Dept 2011]).
The constitutional prohibition against ex post facto laws, however, applies only to penal statutes which disadvantage the offender affected by such laws (Kellogg v Travis, 100 NY2d 407, 410 [2003]) and not to civil remedies which seek to protect the public as here (People v Parilla at 23).
The revocation provisions of the amendments to 15 NYCRR part 136 are not, in this court’s view, subject to said prohibition which applies only to statutes that are punitive in nature as opposed to civil penalties (Matter of State of New York v Nelson, 89 AD3d 441 [1st Dept 2011]). It has been held that the ex post facto doctrine does not apply to administrative regulations (Matter of Robinson v Bennett, 300 AD2d 715, 716 [3d Dept 2002]). A *190 statute, or regulation, which is enacted for non-punitive purposes, and is not so punitive in effect as to negate the non-punitive intent, may be retroactively applied without violating the Ex Post Facto Clause (People v Foster at 306).
It is well established that laws or regulations are not retroactive where they apply to future transactions merely because they will require consideration of antecedent events (Matter of Miller v DeBuono, 90 NY2d 783, 790 [1997]). The regulations at issue do not criminalize conduct that was innocent at the time it was committed, or aggravate a crime beyond its level when committed. Rather, the regulations are part of an effort to strengthen the Department of Motor Vehicles’ ability to deny relicensing to problem drivers for the safety of the public.
Inasmuch as revised 15 NYCRR 136.5 is sufficiently precise so as to put drivers on notice that their application for relicensing may be denied based on three alcohol related offenses, the regulations at issue are neither unconstitutional nor violative of due process (Matter of Hauptman v New York State Dept. of Motor Vehs., 158 AD2d 600 [2d Dept 1990]). There is no entitlement to a driver’s license. Moreover, respondent DMV’s decision to hold petitioner’s application, and those of other problem drivers, until the enactment of the new regulations, does not constitute a violation of the right to due process. The time to contest the timeliness of the determination was by writ of mandamus to compel, seeking an order requiring an agency to render a decision (Matter of Hamptons Hosp. & Med. Ctr. v Moore, 52 NY2d 88 [1981]; Matter of Funes v New York State Dept. of Motor Veh., 2013 NY Slip Op 31082[U] [Sup Ct, NY County, May 15, 2013]), which petitioner did not do. As stated in Gaebel v New York State Dept. of Motor Vehs. (43 Misc 3d 185, 197 [Sup Ct, Sullivan County 2013]), “any due process claim is now moot . . . the sought-after determination has been rendered, and the issue of prompt administrative determination has been rendered academic by the adverse determination.”
With deference to the special expertise of respondent DMV, and the discretionary authority granted to the Commissioner of Motor Vehicles by statute to refuse to reissue a license after a mandatory minimum period of revocation (Vehicle and Traffic Law §§ 1193 [2] [b] [12]; [c]; 510 [6]), it cannot be said that respondent DMV exceeded its authority in issuing amendments to 15 NYCRR part 136. The promulgation of the regulations at issue is within the broad grant of discretion afforded to the Commissioner by statute. The retroactive application of the revised *191 regulations to petitioner’s application for relicensure did not violate the Ex Post Facto Clause of article I, § 10, clause 1 of the Constitution.
As previously stated, the legislature has conferred broad discretionary power over the reissuance of licenses which have been revoked by reason of alcohol or drug related revocations or test refusals (Vehicle and Traffic Law § 1193 [2] [b] [3], [12] [b]; [2] [c]). The decision to restore a license rests within the discretion of the Commissioner of Motor Vehicles.
The objections raised by petitioner regarding the new regulations contained in 15 NYCRR part 136 lack merit. The record is devoid of any basis to conclude that respondent DMV exceeded its legislative authority; invaded an area preempted by the legislature in adopting the new part 136 given that respondent DMV has been granted exclusive administrative authority over the revocation/issuance of driver’s licenses and authority to adopt rules and regulations to carry out its responsibilities. Petitioner points to no provision in the Vehicle and Traffic Law which expressly precludes or limits the Commissioner’s promulgation of rules regarding the reissuance of driver’s licenses. Nor does the statute prohibit the adoption of laws governing lifetime review of an applicant’s driving history. Moreover, Vehicle and Traffic Law § 1193 (2) (b) (12) (c) states that “[flor revocations imposed pursuant to clause (a) of this subparagraph, the commissioner may adopt rules to permit conditional or restricted operation of a motor vehicle . . . after a mandatory revocation period of not less than three years subject to such criteria, terms and conditions as established by the commissioner.”
“[W]hen a person is convicted of driving while intoxicated under Vehicle and Traffic Law § 1192 (2), ‘the court may sentence such person to a period of imprisonment . . . and shall sentence such person to a period of probation or conditional discharge in accordance with [Penal Law § 65.00] and shall order the installation and maintenance of a functioning ignition interlock device’ (Penal Law § 60.21 [emphasis added]).” (People v Barkley, 113 AD3d 1002, 1002 [3d Dept] [2014].)
The administrative imposition of an ignition interlock device requirement, and the ignition interlock device provisions set forth in part 136, is a rational extension of the foregoing policy and within the discretion of respondent DMV
*192 Accordingly, petitioner’s request, inter alia, to declare amended 15 NYCRR part 136 illegal, violative of the Ex Post Facto and Due Process Clauses of the United States Constitution, and to annul the denial of his application for relicensure by respondent DMV as arbitrary and capricious is denied.
The hybrid proceeding is dismissed.

. Petitioner’s last DWI offense occurred on December 12, 2010, prior to the enactment of the new regulations. Petitioner applied for relicensure on or about August 28, 2012.

. Article I, § 10, clause 1 of the United States Constitution provides, in part, that “[n]o State shall . . . pass any ... ex post facto [l]aw” (emphasis added).