# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**92**

**TP 14-01063**

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, SCONIERS, AND DEJOSEPH, JJ.

---

IN THE MATTER OF MARK D. LYNCH, DOING BUSINESS
AS SOUTHSIDE AUTO SALES, LLC AND CHRISTY A.
BATTINELLI, DOING BUSINESS AS SOUTHSIDE
AUTOMOTIVE, PETITIONERS,

V                                              MEMORANDUM AND ORDER

NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES
APPEALS BOARD, RESPONDENT.

---

NORMAN P. DEEP, CLINTON, FOR PETITIONERS.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (OWEN DEMUTH OF
COUNSEL), FOR RESPONDENT.

---

Proceeding pursuant to CPLR article 78 (transferred to the
Appellate Division of the Supreme Court in the Fourth Judicial
Department by order of the Supreme Court, Oneida County [Erin P. Gall,
J.], entered September 12, 2013) to review a determination of
respondent. The determination affirmed the findings and penalties
imposed by the Administrative Law Judge.

It is hereby ORDERED that the determination is unanimously
confirmed without costs and the petitions are dismissed.

Memorandum: Petitioners, the owners of a vehicle dealership and
inspection station, respectively, each commenced a CPLR article 78
proceeding challenging a single determination finding them guilty of a
total of 10 charges in connection with the sale and inspection of a
vehicle. The dealership and inspection station shared the same
location, and the same person was in charge of the sale and inspection
of a certain vehicle that prompted these charges. We note at the
outset that petitioners do not raise a substantial evidence issue, and
thus Supreme Court erred in transferring the proceeding to this Court
(*see Matter of Smeraldo v Rater*, 55 AD3d 1298, 1299). In the interest
of judicial economy, however, we address the merits of the issues
raised by petitioners (*see id.*).

Petitioners contend that the Administrative Law Judge (ALJ)
violated their rights to due process by relying on misconduct that was
not charged in the notice of violation. We reject that contention.
The ALJ did not consider that misconduct in sustaining the violations
against petitioners, but rather properly considered it only as an
aggravating factor in support of the penalty (*see Matter of Cris*

*Place, Inc. v New York State Liq. Auth.*, 56 AD3d 339, 339-340).  We therefore conclude that petitioners were given "fair notice of the charges against [them]" (*Block v Ambach*, 73 NY2d 323, 332; *cf. Matter of Wesley v Board of Fire Commrs. of Ridge-Culver Fire Dist.*, 198 AD2d 908, 908).

We reject petitioners' further contention that the penalty of license revocations is "so disproportionate to the offense as to be shocking to one's sense of fairness" (*Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 237; *see Matter of Watson v Fiala*, 101 AD3d 1649, 1651).  The ALJ listed several aggravating factors in recommending that the licenses be revoked, including the seriousness of the violations in selling a vehicle that had numerous mechanical problems that should not have passed inspection, and we therefore see no basis for disturbing the penalty.

Entered:  February 6, 2015                    Frances E. Cafarell
                                              Clerk of the Court