In the Matter of JOHN MISTLER, Respondent, v. VINCENT L. TOFANY, as Commissioner of Motor Vehicles, Appellant.— In a proceeding pursuant to article 78 of the CPLR to annul appellant's determination which revoked petitioner's driver's license, the appeal is from a judgment of the Supreme Court, Suffolk County, entered October 6, 1970, which granted the application and directed appellant to restore the license to petitioner. Judgment reversed, on the law, without costs; petition dismissed; and determination confirmed. In his petition, petitioner claims, inter alia, that appellant's determination was "contrary to the facts and the law". Under these circumstances the proceeding should have been transferred to this court for disposition in the first instance (CPLR 7804, subd. g; Matter of Koppel v. Hults, 20 A D 2d 669). We must now treat the proceeding as though it had been properly transferred (Matter of Koppel v. Hults, supra). In our opinion the determination is supported by substantial evidence. Under the circumstances of this case it was not error to admit the report of the arresting officer into evidence. Matter of Maxfield v. Tofany (60 Misc 2d 916, affd. 34 A D 2d 869) is distinguishable. In Maxfield it was held error to admit such a report, over objection, to vary or supplement the arresting officer's firm testimony which omitted an essential phrase of the required statutory warning (Vehicle and Traffic Law, § 1194). In the case at bar, the arresting officer's only testimony regarding the statutory warning was that he read the one printed on his report. Thus, the report in this case was not admitted to vary the arresting officer's testimony, but merely to indicate the exact words of the warning which he claimed to have read to petitioner. Hopkins, Acting P. J., Latham, Shapiro, Gulotta and Benjamin, JJ., concur.