■ FRANCIS E. FALKENBURY et al., Petitioners, v. IRWIN SCHULTZ et al., Constituting the Zoning Board of Appeals of the Town of Greenburgh, et al., Respondents.— Proceeding pursuant to article 78 of the CPLR to annul a determination of respondent Zoning Board of Appeals, made December 21, 1972, granting an application by respondent Maplewood Swimming Club, Inc., for a special permit to construct two tennis courts less than 100 feet from adjacent lot lines. Petition granted and determination annulled, on the law, without costs. The Town of Greenburgh Zoning Ordinance provides for tennis courts and similar recreational facilities as special exception uses in residential neighborhoods. Such facilities cannot be located less than 100 feet from any adjacent lot line, unless, *inter alia,* "the adjacent properties have not been substantially developed for residential purposes and are not reasonably susceptible of future residential development", in which case the courts may be located as near as 25 feet from such lot line (Town of Greenburgh Zoning Ordinance, § 65-18B [2] [a]). Respondent Maplewood Swimming Club, Inc., sought and was granted a special exception permit to construct two tennis courts approximately 25 feet from the northerly lot lines of several of the petitioners herein (Falkenbury, McLean and Friess). The properties of these petitioners are relatively deep. All are improved with residences and, with the exception of some landscaping, the rear or northerly portions, located on rising terrain, remain in their natural wooded state. Maplewood has taken the position, in which the Board of Appeals joins, that the pertinent ordinance, as drawn, applies too broadly and places an unreasonable restriction upon the use of its property. Thus, for example, it is argued that the term "lot line" cannot reasonably refer to an adjoining lot of any size whatsoever, for then a tennis court would be disallowed within 100 feet of a lot line if the adjacent parcel consisted of 10 acres of which only one acre could be developed for residential purposes, a supposedly unreasonable result. The ordinance does, on its face, refer to adjacent parcels of any and all sizes, but whether it may be reasonably construed to denominate a 10-acre parcel, of which only one acre could be residentially developed, as "substantially developed for residential purposes" or "reasonably susceptible of such future development" is not only doubtful but totally irrelevant, for there are no huge adjacent parcels in this case, improved or unimproved. Maplewood also argues that the pertinent ordinance was not intended to protect adjacent lots which were already adequately buffered by tracts upon which no one lived or could construct future residences; and that its purpose would just as well be achieved by imposing the 100-foot setback requirement only where adjacent lots are or could be developed up to the lot line in question "or a reasonable distance therefrom", which is allegedly not the situation here. We disagree insofar as these specific adjacent properties are concerned. The onus of providing a buffer zone here clearly rests upon Maplewood and its property, not petitioners and their properties. Hence, the Zoning Board of Appeals erred in granting this special exception permit. The affected adjacent properties have been "substantially developed for residential purposes" within the meaning of the ordinance. Therefore, Maplewood has failed to meet the statutory conditions for relaxation of the 100-foot buffer rule. We also note that Special Term could and should have disposed of this proceeding in the first instance, rather

than transfer it to this court for determination (CPLR 7804, subd. [g]; Town Law, § 267, subd. 7; *Matter of Little* v. *Richter*, 277 App. Div. 1119). Gulotta, P. J., Hopkins, Latham, Shapiro and Cohalan, JJ., concur.