■ In the Matter of the BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF MOUNT VERNON, Petitioner, v RICHARD MORRIS et al., Respondents. (Proceeding No. 1.) RICHARD MORRIS, Petitioner, v BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF MOUNT VERNON et al., Respondents. (Proceeding No. 2.)—Proceedings pursuant to CPLR article 78 (1) by the Board of Education of the City School District of the City of Mount Vernon, *inter alia,* to vacate the penalties recommended by the hearing panel which heard charges of misconduct against Richard Morris and (2) by Richard Morris, *inter alia,* to review the determination made by the hearing panel that he was guilty of conduct unbecoming a teacher. In Proceeding No. 1, recommendation confirmed and said proceeding dismissed on the merits, without costs or disbursements. Proceeding No. 2 dismissed, without costs or disbursements, for failure to perfect. Based upon the findings of the hearing panel we hold that the penalty recommended was proper (see *Matter of Pell v Board of Educ.,* 34 NY2d 222). It should be noted that the board of education has not submitted the minutes of the hearing panel's proceedings. Hopkins, J. P., Martuscello, Latham and Cohalan, JJ., concur.

■ In the Matter of TYLER H. BEEBE et al., Petitioners, v ZONING BOARD OF APPEALS OF THE TOWN OF NEW CASTLE, Respondent, and NEW YORK TELEPHONE COMPANY, Intervenor-Respondent.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent zoning board of appeals dated December 28, 1977, which, *inter alia,* granted an application of the intervenor-respondent for a special use permit. Determination confirmed and proceeding dismissed on the merits, without costs or disbursements. Under subdivision 7 of section 267 of the Town Law, this matter should have been disposed of at Special Term in the first instance, rather than having been transferred to this court. However, in view of the fact that the matter is before the court, it will be determined on the merits (see *Falkenbury v Shultz,* 44 AD2d 827). Henceforth, these matters are to be determined at Special Term. Addressing ourselves to the merits, we hold that the record does not indicate that the zoning board acted in a manner that was in any way arbitrary, illegal or unreasonable. In addition, the determination is supported by substantial evidence. Therefore, it should not be disturbed. Mollen, P. J., Titone, Hawkins and O'Connor, JJ., concur; Hopkins, J., not voting.