■ In the Matter of POSH BAGEL, INC., Petitioner, v BOARD OF HEALTH OF THE COUNTY OF WESTCHESTER et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the Department of Health of the County of Westchester, dated December 5, 1977, which, after a hearing, found petitioner to be in violation of the Public Health Law and directed, *inter alia,* the payment of a $6,000 civil penalty. Determination confirmed and proceeding dismissed on the merits, without costs or disbursements. The petitioner received notice of the hearing and charges at its place of business by certified mail, return receipt requested. At the hearing it was represented by its supervisor of maintenance. Although the person selected

may not have been the most qualified representative, petitioner was fully apprised of the nature of the hearing and the charges. Under the facts and circumstances, it was petitioner's responsibility to see that it was properly represented. The hearing officer acted within his discretion in proceeding with the hearing, and all due process requirements were met. (See *Matter of Hecht v Monaghan,* 307 NY 461.) We also note that the transfer by Special Term was improper. There was no substantial evidence question raised inasmuch as the evidence presented by respondents was uncontradicted. (See *Matter of Weiss v Berger,* 86 Misc 2d 109.) The only issue presented, the adequacy of the notice and hearing, was a question of law, which should have been resolved in the first instance by Special Term. (See *Falkenbury v Schultz,* 44 AD2d 827; cf. *Matter of Mistler v Tofany,* 39 AD2d 710.) Hopkins, J. P., Damiani, O'Connor and Weinstein, JJ., concur.