■ In the Matter of SPILKA BUS CORPORATION, Appellant, v BOARD OF EDUCATION OF THE CITY OF NEW YORK et al., Respondents. — Proceeding pursuant to CPLR article 78 to review a determination of the respondents which rescinded petitioner's pupil transportation contract. Determination confirmed and proceeding dismissed on the merits, with costs. Initially, we

note that the petition raises both issues of fact and law. Under such circumstances, it is clear that the proceeding was properly transferred by Special Term to this court for disposition in the first instance (CPLR 7804, subd [g]; *Matter of Mistler v Tofany,* 39 AD2d 710; cf. *Matter of Posh Bagel v Board of Health of County of Westchester,* 75 AD2d 898). There is clearly a substantial measure of evidence supporting the determination that petitioner had intended to default on the labor agreement in issue on the first day of the 1979 school year. The conflicting assertions offered by petitioner and respondents posed, at best, clear-cut issues of veracity and conflicting inferences to be determined by the administrative trier of the facts. We further note that respondents' decision to cancel the subject contract prior to affording petitioner an evidentiary hearing before the board of review had a rational basis and cannot be deemed arbitrary, capricious or contrary to law (see by-laws of the Board of Education of the City of New York, art 8, § 8.3; pars 3 and 7 of the general terms and conditions of the subject contract). Furthermore, upon balancing petitioner's private monetary interest in attempting to recover damages for an alleged breach of contract (which, we note, can be remedied by State law) against the more weighty governmental interest involved here, concerning respondents' obligation to provide efficient and uninterrupted bus transportation of handicapped children to and from school, it is clear that petitioner received the due process to which it was constitutionally entitled by means of a prompt posttermination written notice and evidentiary hearing (see *Parratt v Taylor,* 451 US 527; *Mathews v Eldridge,* 424 US 319). Damiani, J.P., Titone, Mangano and Gibbons, JJ., concur.