■ In the Matter of GREGORY LEONE, Appellant, v CHRISTO-PHER J. SPRAGUE, as Chief of Police of the Town of Cairo Police Department, et al., Respondents. [984 NYS2d 230]—

McCarthy, J. Appeal from a judgment of the Supreme Court (McDonough, J.), entered October 11, 2012 in Greene County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Chief of Police of the Town of Cairo Police Department terminating petitioner's employment.

Beginning in 2007, petitioner was employed as a part-time police officer by respondent Town of Cairo Police Department. In 2011, he was appointed to a full-time position with another police department, subject to a probationary period that precluded him from engaging in outside employment for at least one year. In January 2012, respondent Christopher J. Sprague, the Department's Police Chief, notified petitioner that his employment was terminated because his new position rendered him unavailable. Petitioner commenced this proceeding, alleging a violation of Civil Service Law § 80, seeking annulment of his

termination and an order directing that respondents immediately reinstate him. Supreme Court dismissed the petition, prompting petitioner's appeal.

Petitioner argues that respondents improperly abolished his position and that he is entitled to remain employed despite being unavailable to perform any services for his employer for at least a year. We disagree and, therefore, affirm. Pursuant to Civil Service Law § 80, where a civil service position is eliminated due to "economy, consolidation or abolition of functions, curtailment of activities or otherwise," then suspension, demotion or termination must occur "in the inverse order of original appointment" (Civil Service Law § 80 [1]). Contrary to petitioner's argument, that statute is entirely inapplicable here. Respondents did not eliminate or abolish petitioner's position. Indeed, as the termination letter indicates, they simply terminated petitioner's employment so that they could fill the position with someone who was available to work. As the only cited legal basis for this proceeding is inapplicable,* Supreme Court properly dismissed the proceeding.

Peters, P.J., Stein and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.

---

* In Supreme Court, petitioner did not mention Civil Service Law § 75 as a legal basis for this proceeding. We cannot consider that basis now because, in a CPLR article 78 proceeding, this Court has no jurisdiction or authority to address issues that were not preserved (see Matter of Khan v New York State Dept. of Health, 96 NY2d 879, 880 [2001]; Matter of Sarro v State of N.Y. Dept. of Health Admin. Review Bd. for Professional Med. Conduct, 113 AD3d 968, 970 [2014]; Matter of Hamilton v Goord, 32 AD3d 642, 643 [2006], lv denied 7 NY3d 715 [2006]).