*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 11, 2014                518184
_____

In the Matter of KHAN AUTO
    SERVICE, INC., et al.,
                    Petitioners,
         v                                    MEMORANDUM AND JUDGMENT

NEW YORK STATE DEPARTMENT OF
    MOTOR VEHICLES et al.,
                    Respondents.
_____

Calendar Date:  October 16, 2014

Before:  Lahtinen, J.P., Garry, Egan Jr., Lynch and Devine, JJ.

_____

        Vincent P. Nesci, PC, Mount Kisco (Vincent P. Nesci of
counsel), for petitioners.

        Eric T. Schneiderman, Attorney General, Albany (Jonathan D.
Hitsous of counsel), for respondents.

_____

Garry, J.

        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of respondent Department of Motor Vehicles
which, among other things, revoked the inspection station license
of petitioner Khan Auto Service, Inc.

        Petitioner Khan Auto Service, Inc., a gas station and auto
garage, was licensed as a motor vehicle inspection station by
respondent Department of Motor Vehicles (hereinafter DMV).
Petitioner Muhammad Z. Khan owned Khan Auto and was certified as
a motor vehicle inspector.  Following an investigative audit, a
DMV automotive facility inspector prepared a report asserting

that petitioners had performed multiple improper vehicle emissions inspections.  DMV thereafter charged both Khan and Khan Auto separately with 13 counts of fraud and 13 counts of conducting improper inspections (see Vehicle and Traffic Law § 303 [e] [1], [3]; 15 NYCRR 79.17 [b] [1]).  A hearing was conducted before an Administrative Law Judge (hereinafter ALJ), who merged the counts into four charges against each petitioner, sustained them as merged, revoked Khan's certificate and Khan Auto's license, and imposed aggregate fines of $1,500 upon each petitioner.  Petitioners were unsuccessful upon their administrative appeal, and thereafter commenced this CPLR article 78 proceeding seeking to annul the determination.  Supreme Court transferred the proceeding to this Court (see CPLR 7804 [g]).

Respondents introduced the investigative audit and the inspector's report into evidence at the hearing, and the inspector testified that the audit revealed inconsistencies in the "communication protocols" for 13 vehicles inspected by petitioners between January and July 2011.  These protocols are a set of codes that, as described by the inspector, provide a "language" by which a car's electronic components communicate with one another and with the testing modules used during emissions inspections.  The protocols are recorded by DMV each time a vehicle is inspected, vary according to each vehicle's make, model and other characteristics, and cannot be changed.  The inspector testified that the audit revealed 13 occasions on which the protocols for vehicles inspected by petitioners were different from those recorded for the same vehicles in prior inspections.  He stated that this could not have occurred unless emissions data from an alternate "donor vehicle" had been substituted for the data from each vehicle being inspected, and the discrepancies proved that petitioners had used this practice in all 13 inspections to falsely obtain passing results for vehicles that would not otherwise have passed emissions testing.  Testifying on his own behalf, Khan denied any knowledge of the improper inspections and stated that he had never used a donor vehicle.  He acknowledged, however, that he was the only certified inspector employed by Khan Auto and offered no

explanation for the discrepancies.[1]

Petitioners' challenges to respondents' proof do not alter
the result. Although petitioners now assert that the inspector
lacked the requisite formal training to analyze the meaning of
the codes, this was not addressed during the hearing, and
unpreserved issues may not be addressed in CPLR article 78
proceedings (see Matter of Khan v New York State Dept. of Health,
96 NY2d 879, 880 [2001]; Matter of Leone v Sprague, 116 AD3d
1268, 1269 n [2014]; see also Matter of Falbo v Fialo, 108 AD3d
1228, 1229 [2013]). Moreover, to the extent that related issues
were preserved, the inspector's responses to questions about the
meaning of the codes established that such an analysis is
irrelevant in determining whether donor vehicles were used.
Petitioners similarly failed to preserve their claim that
respondents did not establish that the subject vehicles were not
exempt from inspection based on their weight, nor have they shown
how such proof, if offered, would have affected the determination
(see 15 NYCRR 79.2 [d] [4]). Finally, we cannot consider
petitioners' arguments relative to an internal DMV memo, as the
memo was not part of "the facts and record adduced before the
agency" (Matter of Rizzo v New York State Div. of Hous. &
Community Renewal, 6 NY3d 104, 110 [2005] [internal quotation
marks and citation omitted]; accord Matter of Lamar Cent.
Outdoor, LLC v State of New York, 64 AD3d 944, 948-949 [2009];
see Matter of Sarro v State of N.Y. Dept. of Health Admin. Review
Bd. for Professional Med. Conduct, 113 AD3d 968, 970 [2014]).
Accordingly, we are satisfied that respondents' determination is
supported by substantial evidence (see Matter of Somma v Jackson,
268 AD2d 763, 763 [2000]; see also Matter of San Miguel Auto
Repair Corp. v State of N.Y. Dept. of Motor Vehs., 111 AD3d 422,
423 [2013]; Matter of Cipry Auto., Inc. v New York State Dept. of
Motor Vehs., 72 AD3d 816, 817 [2010]).

---

[1] Khan testified that he sometimes permitted two employees
who were not certified inspectors to conduct emissions
inspections using his identification, but declined to attribute
blame to them, claiming that they had denied any misconduct.

We reject petitioners' contention that they were not given a fair hearing. Their claim that Khan Auto did not receive notice of all of the charges against it was not preserved, and was further contradicted by Khan's express acknowledgment during the hearing that he received the hearing notices and charge sheets for both petitioners. Petitioners' claim that they were not permitted to review DMV's hearing file, while preserved, is likewise contradicted by the record. The ALJ permitted Khan to review the file for as long as he wished during the hearing and, in fact, exceeded the requirements of due process by repeatedly offering him additional opportunities to do so and ultimately providing photocopies of everything in the file except for a confidential report.[2] Petitioners' remaining challenges to the fairness of the proceeding are unpreserved.

Finally, we reject petitioners' contention that the penalties imposed upon them were excessive. Contrary to their claim, it is neither improper nor duplicative to impose separate fines on a motor vehicle inspector and an inspection station for violations arising from the same conduct (see e.g. Matter of Cipry Auto., Inc. v New York State Dept. of Motor Vehs., 72 AD3d at 816-817). The violations here involved repeated, intentional acts of deception, and the fines and revocations imposed as a consequence are not so disproportionate to the offenses as to shock this Court's sense of fairness (see Matter of San Miguel Auto Repair Corp. v State of N.Y. Dept. of Motor Vehs., 111 AD3d at 423; Matter of Tyler v New York State Commr. of Motor Vehs., 284 AD2d 645, 647 [2001]; see generally Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 233 [1974]).

Lahtinen, J.P., Egan Jr., Lynch and Devine, JJ., concur.

---

[2] Petitioners could also have requested an opportunity to review the file before the hearing, but did not do so (see 15 NYCRR 127.6 [a]).

        ADJUDGED that the determination is confirmed, without
costs, and petition dismissed.

                        ENTER:

                        Robert D. Mayberger
                        Clerk of the Court