In the Matter of GR Auto & Truck Repair et al., Respondents, v New York State Department of Motor Vehicles et al., Appellants. [53 NYS3d 687]—

In a proceeding pursuant to CPLR article 78 to review two determinations of the New York State Department of Motor Vehicles Appeals Board, both dated July 28, 2015, which affirmed a determination of an administrative law judge dated July 10, 2014, which, after a hearing, revoked the inspection station license of, and imposed a civil penalty of $11,300 upon, the petitioner GR Auto & Truck Repair, and revoked the certified inspector's license of, and imposed a civil penalty of $11,300 upon, the petitioner Robert Korewick, the appeal, as limited by the brief, is from so much of a judgment of the Supreme Court, Westchester County (Everett, J.), dated December 2, 2015, as granted the petition to the extent of vacating the civil penalties imposed upon the petitioners and remitting the matter to the New York State Department of Motor Vehicles for the imposition of new civil penalties.

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, that branch of the petition which was to review so much of the determinations dated July 28, 2015, as imposed civil penalties of $11,300 on both petitioners is denied, and that portion of the proceeding is dismissed.

The petitioner GR Auto & Truck Repair (hereinafter GR Auto) was licensed to operate an official inspection station by the New York State Department of Motor Vehicles (hereinafter the DMV), and the petitioner Robert Korewick, the owner of GR Auto, was certified as a motor vehicle inspector. Following a program audit of GR Auto's emissions inspection records, both petitioners were separately charged by the DMV with 113 counts of violating regulations concerning emissions testing procedures (*see* 15 NYCRR 79.24 [b] [1]). After a hearing, an administrative law judge sustained those charges, revoked GR Auto's inspection station license, revoked Korewick's certified inspector's license, and separately imposed civil penalties on each petitioner in the amount of $11,300. The determination of the administrative law judge was affirmed by the DMV Appeals Board, in separate determinations, both dated July 28, 2015.

The petitioners thereafter commenced the instant CPLR article 78 proceeding against, among others, the DMV, challenging the administrative determinations. The Supreme Court granted the petition only to the extent of vacating the civil penalties imposed upon the petitioners and remitting the matter to the DMV for the imposition of new civil penalties. The DMV, Barbara J. Fiala, as Commissioner of the DMV, and Deborah Dugan, Chairperson of the Appeals Board of the DMV, appeal.

Contrary to the Supreme Court's conclusion, it was "neither improper nor duplicative" for the DMV to impose a civil penalty upon Korewick, in his capacity as a certified motor vehicle inspector, and upon GR Auto, in its distinct capacity as a licensed official inspection station, for violations arising from the same conduct (*see* Vehicle and Traffic Law § 303 [h]; *Matter of Khan Auto Serv., Inc. v New York State Dept. of Motor Vehs.*, 123 AD3d 1258, 1260 [2014]). Further, under the circumstances of this case, the penalties imposed were not so disproportionate to the offenses as to be shocking to one's sense of fairness (*see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 233-235 [1974]; *Matter of Cipry Auto., Inc. v New York State Dept. of Motor Vehs.*, 72 AD3d 816, 817 [2010]).

The petitioners' remaining contentions are either without merit or not properly before this Court in the absence of a cross appeal. Mastro, J.P., Leventhal, Hall and Sgroi, JJ., concur.