■ In the Matter of DANIEL W. CLARK, Petitioner, v NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES et al., Respondents. [54 NYS3d 338]—

Rose, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Appeals Board of respondent Department of Motor Vehicles finding petitioner guilty of operating a motor vehicle while using a portable electronic device.

Petitioner was issued a summons for operating a motor vehicle while using a portable electronic device in violation of Vehicle and Traffic Law § 1225-d after a police officer observed him driving while holding a global positioning system (hereinafter GPS) device in his right hand. Petitioner pleaded not guilty to the charge and, following a hearing before the Administrative Adjudication Bureau of respondent Department of Motor Vehicles, an Administrative Law Judge found petitioner guilty. The Department's Appeals Board affirmed, and petitioner commenced this CPLR article 78 proceeding. Supreme Court, find-

ing that the petition raised an issue of substantial evidence, transferred the proceeding to this Court.

We agree with the Appeals Board that a hand-held GPS device meets the statutory definition of a "portable electronic device" inasmuch as it is a "hand-held device with mobile data access" (Vehicle and Traffic Law § 1225-d [2] [a]). In our view, it is mobile and receives data to calculate a driver's geographical location and to communicate directions. Moreover, a review of the pertinent legislative history regarding Vehicle and Traffic Law § 1225-d demonstrates that the Legislature intended Vehicle and Traffic Law § 1225-d (2) (a) to encompass any portable electronic device that diverts a driver's attention away from the road and prevents the full use of a driver's hands (*see* Assembly Mem in Support, Bill Jacket, L 2009, ch 403 at 14; Letter from Dept of Motor Vehicles, Bill Jacket, L 2009, ch 403 at 20). Thus, we are satisfied that the Appeals Board's interpretation of Vehicle and Traffic Law § 1225-d (2) (a) as encompassing a hand-held GPS device was rational (*see generally Matter of Fineway Supermarkets v State Liq. Auth.*, 48 NY2d 464, 468 [1979]; *Matter of Bonhomme v New York State Liq. Auth.*, 221 AD2d 882, 883 [1995]).

We also agree that there is ample support for the Appeals Board's determination that petitioner was using the GPS device. Petitioner concedes that, while he was driving, he was holding the device in his hand and "view[ing] the GPS navigation system to read directions." Accordingly, we find that the determination was supported by substantial evidence (*see generally Matter of Hollinger v New York State Dept. of Motor Vehs.*, 18 AD3d 1012, 1013 [2005]; *Matter of Carota Enters. v Jackson*, 241 AD2d 667, 668 [1997]). Petitioner's remaining contentions have been reviewed and found to be lacking in merit.

Garry, J.P., Lynch, Clark and Aarons, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.