Matter of Lewis v New York State Dept. of Motor Vehs. (2019 NY Slip Op 04862)





Matter of Lewis v New York State Dept. of Motor Vehs.


2019 NY Slip Op 04862


Decided on June 14, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 14, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.


1479 CA 18-00651

[*1]IN THE MATTER OF FRED S. LEWIS, JEROME'S AUTOMOTIVE AND TRUCK SERVICE, LLC, PETITIONERS, AND RICHARD W. LILLY, PETITIONER-RESPONDENT,
v
NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES AND THERESA L. EGAN, COMMISSIONER OF NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES, RESPONDENTS-APPELLANTS.






BARBARA D. UNDERWOOD, ATTORNEY GENERAL, ALBANY (JONATHAN D. HITSOUS OF COUNSEL), FOR RESPONDENTS-APPELLANTS. 
SMITH LAW FIRM PLLC, ROCHESTER (WILLIAM P. SMITH, JR., OF COUNSEL), FOR PETITIONER-RESPONDENT. 


 Appeal from a judgment (denominated order) of the Supreme Court, Monroe County (Ann Marie Taddeo, J.), entered June 21, 2017 in a CPLR article 78 proceeding. The judgment, insofar as appealed from, granted the petition in part and vacated a civil penalty assessed against petitioner Richard W. Lilly. 
It is hereby ORDERED that the judgment insofar as appealed from is unanimously reversed on the law without costs, the petition is denied in its entirety, and the civil penalty assessed against petitioner Richard W. Lilly is reinstated.
Memorandum: Petitioners commenced this CPLR article 78 proceeding seeking to vacate civil penalties imposed upon petitioner Richard W. Lilly, a New York State motor vehicle inspector certified by respondent New York State Department of Motor Vehicles (DMV), and petitioner Jerome's Automotive and Truck Service, LLC, the licensed inspection station where Lilly worked (inspection station), for violating certain provisions of the Vehicle and Traffic Law. Supreme Court, in essence, granted the petition in part and vacated the civil penalty assessed against Lilly. Respondents appeal from the judgment to that extent, and we reverse the judgment insofar as appealed from.
Following an investigation, a DMV facility inspector alleged that Lilly had performed multiple improper vehicle emissions inspections, and thereafter the DMV charged Lilly and the inspection station with 18 counts of fraud and 18 counts of conducting improper inspections (see Vehicle and Traffic Law § 303 [e] [1], [3]). A hearing was held before an administrative law judge (ALJ), wherein Lilly admitted the violations. As relevant on appeal, the ALJ assessed one $750 penalty against Lilly for all 18 violations of Vehicle and Traffic Law § 303 (e) (1) and a $350 penalty against Lilly for each of the 18 violations of Vehicle and Traffic Law § 303 (e) (3), for a total penalty of $7,050. The ALJ also assessed a civil penalty against the inspection station, but did not take any action against Lilly's inspection certification or the inspection station's license. Petitioners were unsuccessful on their administrative appeal, and thereafter commenced this CPLR article 78 proceeding. As noted, the court vacated the penalty against Lilly but upheld the penalty against the inspection station.
Initially, we agree with respondents that the ALJ was authorized to assess a penalty against both the licensed inspection station and Lilly, the certified inspector. "[I]t is neither improper nor duplicative to impose separate fines on a motor vehicle inspector and an inspection station for violations arising from the same conduct" (Matter of Khan Auto Serv., Inc. v New [*2]York State Dept. of Motor Vehs., 123 AD3d 1258, 1260 [3d Dept 2014]; see Matter of AAC Auto Serv. v New York State Dept. of Motor Vehs., 155 AD3d 539, 539-540 [1st Dept 2017]; Matter of GR Auto & Truck Repair v New York State Dept. of Motor Vehs., 150 AD3d 730, 731 [2d Dept 2017]).
We also agree with respondents that the amount of the penalty imposed upon Lilly was not excessive. "Judicial review of an administrative penalty is limited to whether the measure or mode of penalty or discipline imposed constitutes an abuse of discretion as a matter of law . . . [A] penalty must be upheld unless it is so disproportionate to the offense as to be shocking to one's sense of fairness, thus constituting an abuse of discretion as a matter of law . . . This calculus involves consideration of whether the impact of the penalty on the individual is so severe that it is disproportionate to the misconduct, or to the harm to the agency or the public in general" (Matter of Kelly v Safir, 96 NY2d 32, 38 [2001], rearg denied 96 NY2d 854 [2001] [internal quotation marks omitted]; see Matter of Licari v New York State Dept. of Motor Vehs., 153 AD3d 1598, 1599 [4th Dept 2017]). The amount of each penalty assessed against Lilly was permitted by statute and well below the statutory maximum (see Vehicle and Traffic Law § 303 [h]). Indeed, the ALJ assessed the mandatory minimum penalty permitted by statute, i.e., $350, for each of the 18 violations of Vehicle and Traffic Law § 303 (e) (3), and thus $6,300 of the total $7,050 penalty was statutorily required (see § 303 [h]). Under these circumstances, the civil penalty assessed by the ALJ does not shock our sense of fairness so as to constitute an abuse of discretion.
Entered: June 14, 2019
Mark W. Bennett
Clerk of the Court