Matter of Batra v Egan (2020 NY Slip Op 04300)





Matter of Batra v Egan


2020 NY Slip Op 04300


Decided on July 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2018-04753
 (Index No. 9094/17)

[*1]In the Matter of Ravi Batra, petitioner, 
v
Theresa L. Egan, etc., et al., respondents.


The Law Firm of Ravi Batra, P.C., New York, NY (Ravi Batra, petitioner pro se, and Todd B. Sherman of counsel), for petitioner.
Letitia James, Attorney General, New York, NY (Anisha S. Dasgupta and Blair J. Greenwald of counsel), for respondents.



DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Motor Vehicles Appeals Board dated July 31, 2017, affirming a determination of an administrative law judge dated February 21, 2017, which, after a hearing, found that the petitioner had violated Vehicle and Traffic Law § 1180(d), imposed a fine, and entered a warning on the petitioner's driving record.
ADJUDGED that the petition is granted, on the law, with costs, the determination dated July 31, 2017, is annulled, and the penalty imposed is vacated.
The petitioner was issued a summons for operating his motor vehicle in violation of Vehicle and Traffic Law § 1180(d). The summons was dated March 8, 2016. Following a hearing before an administrative law judge (hereinafter the ALJ), the petitioner was found to have violated Vehicle and Traffic Law § 1180(d). The New York State Department of Motor Vehicles Administrative Appeals Board (hereinafter Appeals Board) affirmed the ALJ's determination. Thereafter, the petitioner commenced this proceeding pursuant to CPLR article 78 to review the determination of the Appeals Board. The Supreme Court transferred the proceeding to this Court pursuant to CPLR 7804(g).
"To annul an administrative determination made after a hearing directed by law at which evidence is taken, a court must conclude that the record lacks substantial evidence to support the determination" (Matter of Mannino v Department of Motor Vehs. of State of N.Y.—Traffic Violations Div., 101 AD3d 880, 880; see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231). Substantial evidence is "such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180).
Here, we agree with the petitioner that the determination that he violated Vehicle and Traffic Law § 1180(d) was not supported by substantial evidence. At the hearing, the police officer, [*2]who issued the summons to the petitioner, testified about events which occurred on March 18, 2016, which was not the date that the alleged offense occurred according to the summons issued to the petitioner. While the substantial evidence standard "demands only that a given inference is reasonable and plausible, not necessarily the most probable'" (Matter of Miller v DeBuono, 90 NY2d 783, 793, quoting Borchers and Markell, New York State Administrative Procedure and Practice § 3.12, at 51 [1995]), here, there was no testimony or evidence provided to demonstrate that the petitioner operated his vehicle in violation of Vehicle and Traffic Law § 1180(d) on March 8, 2016. Given the discrepancy between the date of the offense as set forth in the summons and the testimony of the officer, relying on his notes which also referred to March 18, 2016, the record does not demonstrate that the ALJ was presented with substantial evidence that the petitioner violated Vehicle and Traffic Law § 1180(d) on March 8, 2016 (see Matter of Reape v Adduci, 151 AD2d 290, 292; see e.g. Matter of Ryder Truck Rental v Parking Violations Bur. of Transp. Admin. of City of N.Y., 62 NY2d 667, 669; see also Matter of Paolino v Swarts, 105 AD3d 850, 851).
In light of our determination, the petitioner's remaining contentions need not be reached.
Accordingly, the petition should be granted, the determination annulled, and the penalty imposed vacated.
AUSTIN, J.P., DUFFY, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court