Matter of Monro, Inc. v New York State Dept. of Motor Vehs. (2022 NY Slip Op 04460)

Matter of Monro, Inc. v New York State Dept. of Motor Vehs.

2022 NY Slip Op 04460

Decided on July 8, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 8, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, NEMOYER, AND WINSLOW, JJ.

363 TP 21-01514

[*1]IN THE MATTER OF MONRO, INC., DOING BUSINESS AS MONRO MUFFLER BRAKE AND RANDY C. YORK, PETITIONERS,
v
NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES, RESPONDENT. 

HEISMAN NUNES & HULL LLP, ROCHESTER (RONALD G. HULL OF COUNSEL), FOR PETITIONERS.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (OWEN DEMUTH OF COUNSEL), FOR RESPONDENT. 

 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by an order of the Supreme Court, Erie County [Mark A. Montour, J.], entered October 20, 2021) to review a determination of respondent. The determination, among other things, revoked an inspection station license. 
It is hereby ORDERED that the determination is unanimously annulled on the law without costs and the petition is granted.
Memorandum: In this proceeding pursuant to CPLR article 78, petitioners, Monro, Inc., doing business as Monro Muffler Brake (Monro), and Randy C. York, seek to annul the determination of respondent following a hearing that, inter alia, revoked Monro's inspection station license for one of its facilities and York's certification to perform New York State inspections. Although this proceeding should not have been transferred to this Court inasmuch as petitioners' due process claims are dispositive and sufficient to "terminate" this proceeding within the meaning of CPLR 7804 (g), we nonetheless consider the merits in the interest of judicial economy (see generally Matter of Moulden v Coughlin, 210 AD2d 997, 997 [4th Dept 1994]; Matter of Posh Bagel, Inc. v Board of Health of County of Westchester, 75 AD2d 898, 899 [2d Dept 1980]).
We agree with petitioners that they were denied due process of law. Under the Vehicle and Traffic Law, "[n]o license or certificate shall be revoked or suspended . . . except upon notice to the licensee or certified inspector and after an opportunity to be heard" (§ 303 [f]). Here, petitioners submitted evidence on their administrative appeal that they did not receive notice of the relevant hearing (cf. Matter of Khan Auto Serv., Inc. v New York State Dept. of Motor Vehs., 123 AD3d 1258, 1260 [3d Dept 2014]), but respondent produced no evidence to establish that either the statutory presumption of receipt of notice pursuant to Vehicle and Traffic Law § 214 or the presumption of mailing applied (see generally Bank of Am. v Guillaume, 169 AD3d 625, 626-627 [2d Dept 2019]; Progressive Cas. Ins. Co. v Metro Psychological Servs., P.C., 139 AD3d 693, 694 [2d Dept 2016]; Khan Auto Serv., Inc., 123 AD3d at 1260). We may not consider the affidavit of mailing submitted by respondent for the first time in this Court, inasmuch as the affidavit "was not part of the facts and record adduced before the agency" (Khan Auto Serv., Inc., 123 AD3d at 1259 [internal quotation marks omitted]; see Matter of Rizzo v New York State Div. of Hous. & Community Renewal, 6 NY3d 104, 110 [2005]; see also Matter of Falbo v Fialo, 108 AD3d 1228, 1229 [4th Dept 2013]). Contrary to respondent's assertion, the appropriate time to submit that evidence would have been when petitioners' administrative appeal was pending.
Entered: July 8, 2022
Ann Dillon Flynn
Clerk of the Court