Matter of Linksman v New York State Dept. of Motor Vehicles (2023 NY Slip Op 03865)

Matter of Linksman v New York State Dept. of Motor Vehicles

2023 NY Slip Op 03865

Decided on July 19, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 19, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
LILLIAN WAN, JJ.

2020-01459
 (Index No. 2587/19)

[*1]In the Matter of Charles Linksman, petitioner,
v
New York State Department of Motor Vehicles, et al., respondents.

Charles Linksman, Brooklyn, NY, appellant pro se.
Letitia James, Attorney General, New York, NY (Steven C. Wu and David Lawrence III of counsel), for respondent.

DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Motor Vehicles Administrative Appeals Board dated May 13, 2019, affirming a determination of an administrative law judge dated November 14, 2018, which, after a hearing, found that the petitioner violated Vehicle and Traffic Law § 1225-d by operating a motor vehicle while using a portable electronic device and imposed a fine, plus a surcharge.
ADJUDGED that the determination dated May 13, 2019, is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.
On November 6, 2017, a police officer issued the petitioner a traffic summons in Staten Island for operating his motor vehicle while using a cell phone in violation of Vehicle and Traffic Law § 1225-d. Following a hearing, at which the petitioner did not testify and appeared solely by counsel, an administrative law judge (hereinafter the ALJ) found the defendant guilty of violating the statute. The petitioner appealed to the respondent New York State Department of Motor Vehicles Administrative Appeals Board (hereinafter the Appeals Board), which affirmed the ALJ's determination. Thereafter, the petitioner commenced this proceeding pursuant to CPLR article 78 to review the Appeals Board's determination. The Supreme Court transferred the proceeding to this Court pursuant to CPLR 7804(g).
"To annul an administrative determination made after a hearing directed by law at
which evidence is taken, a court must conclude that the record lacks substantial evidence to support the determination" (Matter of Mannino v Department of Motor Vehs. of State of N.Y.-Traffic Violations Div., 101 AD3d 880, 880). "Substantial evidence is 'such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact'" (Matter of Batra v Egan, 185 AD3d 1020, 1020, quoting 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180). "Substantial evidence is a minimal standard, demanding only that a given inference is reasonable and plausible, not necessarily the most probable, and '[w]here substantial evidence exists, the reviewing court may not substitute its judgment for that of the agency, even if the court would have decided the matter differently'" (Matter of Kennedy v State of New York Justice Ctr. for Protection of People with Special Needs, 204 AD3d 670, 671, quoting Matter of Haug v State Univ. of N.Y. at Potsdam, 32 NY3d 1044, 1046). In other words, "'[t]he courts may not . . . reject the [*2]choice made by [an administrative agency] where the evidence is conflicting and room for choice exists'" (Matter of Mannino v Department of Motor Vehs. of State of N.Y.-Traffic Violations Div., 101 AD3d at 880 [internal quotation marks omitted], quoting Matter of Berenhaus v Ward, 70 NY2d 436, 444). Instead, "deference must be given to the fact-finding and credibility determinations of the administrative agency" (Matter of LaChance v New York State Dept. of Motor Vehs., 159 AD3d 1014, 1015).
Contrary to the petitioner's contention, the ALJ's determination that the petitioner violated Vehicle and Traffic Law § 1225-d was supported by substantial evidence. The statute states, inter alia, that "no person shall operate a motor vehicle while using any portable electronic device" (id. § 1225-d[1]). Therefore, the police officer's testimony at the hearing that he observed the petitioner holding a cell phone while driving, that the "screen was illuminated," and that the petitioner was "looking down towards the screen with a thumb in contact with the screen and navigating it," was sufficient to establish a statutory violation by substantial evidence (see People v Baez, 202 AD3d 1102, 1104, lv granted 38 NY3d 1186; Matter of Clark v New York State Dept. of Motor Vehs., 151 AD3d 1410, 1411; People v Olsen, 124 AD3d 1084, 1086). The petitioner's contentions concerning the officer's alleged credibility are unavailing and, in any event, such credibility determinations were for the ALJ to make (see Matter of LaChance v New York State Dept. of Motor Vehs., 159 AD3d at 1015).
Moreover, contrary to the petitioner's assertion, the ALJ providently exercised her discretion in denying his attorney's request, in the midst of her closing argument, to ask the police officer additional questions (see Matter of Yoonessi v State Bd. for Professional Med. Conduct, 2 AD3d 1070, 1072). In any event, there is no indication that the petitioner's "right to cross-examine the . . . officer was so circumscribed as to deprive him of a fair hearing" (Matter of Grossberg v Christian, 245 AD2d 118, 118).
The petitioner's remaining contention is without merit.
MILLER, J.P., CHRISTOPHER, WARHIT and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court