Matter of World Motors, Inc. v Dugan (2024 NY Slip Op 02203)

Matter of World Motors, Inc. v Dugan

2024 NY Slip Op 02203

Decided on April 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
LILLIAN WAN, JJ.

2020-00873
 (Index No. 3551/18)

[*1]In the Matter of World Motors, Inc., et al., petitioners,
v
Deborah . Dugan, etc., et al., respondents.

Luis O. Diaz, New York, NY, for petitioners.
Letitia James, Attorney General, New York, NY (David Lawrence III and Judith N. Vale of counsel), for respondents.

DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Motor Vehicles Administrative Appeals Board dated December 26, 2017, affirming a determination of an administrative law judge dated June 29, 2017, which, after a hearing, found that the petitioners World Motors, Inc., and Max E. Sarmiento committed fraud, deceit, and misrepresentation in the conduct of licensed or certified activity in violation of Vehicle and Traffic Law § 303(e)(3), revoked the inspection station license of the petitioner World Motors, Inc., and the inspector certificate of the petitioner Max E. Sarmiento, and imposed civil penalties upon those petitioners.
ADJUDGED that the proceeding is dismissed insofar as asserted by the petitioner Max E. Sarmiento; and it is further,
ADJUDGED that the determination dated December 26, 2017, is confirmed, the petition is denied insofar as asserted by the petitioners World Motors, Inc., and Jhennifer M. Sarmiento, and the proceeding is dismissed on the merits insofar as asserted by those petitioners, with costs.
The petitioner Jhennifer M. Sarmiento (hereinafter Jhennifer) is the owner of the petitioner World Motors, Inc. (hereinafter World Motors), a vehicle repair shop and inspection station. In May 2017, the New York State Department of Motor Vehicles (hereinafter the DMV) charged World Motors and the petitioner Max E. Sarmiento (hereinafter Max), a manager of World Motors, with 51 violations of Vehicle and Traffic Law § 303(e)(3) for allegedly issuing inspection certificates to vehicles that were not tested for emissions. Specifically, the DMV alleged that two vehicles were used as substitute vehicles during the inspections. After conducting a hearing, an administrative law judge (hereinafter the ALJ) determined that World Motors and Max committed fraud, deceit, and misrepresentation in the conduct of licensed or certified activity in violation of Vehicle and Traffic Law § 303(e)(3), revoked the inspection station license of World Motors and Max's inspector certificate, and imposed civil penalties upon World Motors and Max. Jhennifer, on behalf of World Motors, appealed the ALJ's determination to the New York State Department of Motor Vehicles Administrative Appeals Board (hereinafter the Appeals Board). By determination dated December 26, 2017, the Appeals Board affirmed the ALJ's determination.
The petitioners commenced this proceeding pursuant to CPLR article 78 to review the Appeals Board's determination. By order dated September 30, 2019, the Supreme Court transferred the proceeding to this Court pursuant to CPLR 7804(g).
"'As a general rule, one who objects to the act of an administrative agency must exhaust available administrative remedies before being permitted to litigate in a court of law'" (Matter of Carnelian Farms, LLC v Village of Muttontown Bldg. Dept., 151 AD3d 845, 846 [internal quotation marks omitted], quoting Matter of Keener v City of Middletown, 115 AD3d 859, 860). "'Failure to timely file or perfect an administrative appeal constitutes a failure to exhaust administrative remedies that precludes review pursuant to CPLR article 78"' (Matter of Gottlieb v City of New York, 126 AD3d 903, 903-904, quoting Matter of Palm v King, 122 AD3d 1110, 1111).
Here, Max failed to exhaust all available administrative remedies prior to seeking judicial intervention by not filing an administrative appeal, and failed to establish that an exception to the exhaustion doctrine was applicable (see Matter of Carnelian Farms, LLC v Village of Muttontown Bldg. Dept., 151 AD3d at 846-847). Accordingly, the proceeding insofar as asserted by Max must be dismissed.
"'To annul an administrative determination made after a hearing directed by law at which evidence is taken, a court must conclude that the record lacks substantial evidence to support the determination'" (Matter of Linksman v New York State Dept. of Motor Vehs., 218 AD3d 685, 686, quoting Matter of Mannino v Department of Motor Vehs. of State of N.Y.—Traffic Violations Div., 101 AD3d 880, 880). "'Substantial evidence is such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact'" (Matter of Linksman v New York State Dept. of Motor Vehs., 218 AD3d at 686 [internal quotation marks omitted], quoting Matter of Batra v Egan, 185 AD3d 1020, 1020). "'Substantial evidence is a minimal standard, demanding only that a given inference is reasonable and plausible, not necessarily the most probable, and [w]here substantial evidence exists, the reviewing court may not substitute its judgment for that of the agency, even if the court would have decided the matter differently'" (Matter of Linksman v New York State Dept. of Motor Vehs., 218 AD3d at 686 [internal quotation marks omitted], quoting Matter of Kennedy v State of New York Justice Ctr. for Protection of People with Special Needs, 204 AD3d 670, 671).
Here, the ALJ's determination that World Motors committed fraud in violation of Vehicle and Traffic Law § 303(e)(3) is supported by substantial evidence based on the testimony of inspectors for the DMV, Max's testimony, and documentary evidence (see Matter of A & U Auto Repair v New York State Dept. of Motor Vehs., 135 AD3d 856, 857; Matter of Khan Auto Serv., Inc. v New York State Dept. of Motor Vehs., 123 AD3d 1258, 1259-1260; Matter of K.C. Serv. v New York State Dept. of Motor Vehs., 284 AD2d 464).
Furthermore, the revocation of the inspection station license of World Motors and the civil penalty imposed upon it are not so disproportionate to the offense as to be shocking to one's sense of fairness (see Matter of Lewis New York State Dept. of Motor Vehs., 173 AD3d 1794, 1795-1796; Matter of GR Auto & Truck Repair v New York State Dept. of Motor Vehs., 150 AD3d 730, 731; Matter of Khan Auto Serv., Inc. v New York State Dept. of Motor Vehs., 123 AD3d at 1260).
The petitioners' remaining contentions are either without merit or not properly before this Court.
BRATHWAITE NELSON, J.P., MILLER, GENOVESI and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court