Matter of Stecker v New York State Unified Ct. System-Office of Ct. Admin.

2026 NY Slip Op 02124

April 8, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Michael Stecker, petitioner/appellant,

v

New York State Unified Court System-Office of Court Administration, respondent/respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 8, 2026

2024-01090 DECISION, ORDER & JUDGMENT, (Index No. 615146/23)

Betsy Barros, J.P.

Angela G. Iannacci

Helen Voutsinas

Elena Goldberg Velazquez, JJ.

Scott Lockwood, Deer Park, NY, for petitioner/appellant.

David Nocenti, New York, NY (Pedro Morales of counsel), for respondent/respondent.

[*1]

Proceeding pursuant to CPLR article 78 to review a revised determination of the New York State Office of Court Administration dated March 15, 2023, which adopted the report and recommendations of a hearing officer dated June 27, 2022, made after a hearing, finding that the petitioner was guilty of misconduct, and terminated the petitioner's employment as a court officer, which proceeding was transferred to this Court pursuant to CPLR 7804(g) by order of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated October 18, 2023, and appeal by the petitioner from the same order. Justice Goldberg Velazquez has been substituted for former Justice Miller (see 22 NYCRR 1250.1[b]).

ORDERED that the appeal is dismissed (see CPLR 5701[b]; 7804[g]); and it is further,

ADJUDGED that the revised determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits; and it is further,

ORDERED that one bill of costs is awarded to the respondent.

The petitioner was employed as a court officer by the New York State Unified Court System (hereinafter UCS) for approximately 14 years. On or about December 21, 2021, the New York State Office of Court Administration (hereinafter OCA) filed a notice of charges against the petitioner, alleging, in one charge, that he had engaged in specified acts of misconduct when, between January 28, 2021, and March 27, 2021, he shared 26 posts on Facebook that featured biased and discriminatory language and images. The petitioner denied the charge.

In March 2022, a disciplinary hearing was held. At the conclusion of the hearing, a hearing officer issued a report and recommendations dated June 27, 2022, finding the petitioner guilty of each specified act of misconduct and recommending that the petitioner's employment be terminated. In a determination dated July 13, 2022, Deputy Chief Administrative Judge Norman St. George adopted the hearing officer's report and recommendations and terminated the petitioner's employment. Thereafter, on March 15, 2023, Deputy Chief Administrative Judge St. George issued [*2]a revised determination in which he again adopted the hearing officer's report and recommendations and terminated the petitioner's employment. The petitioner commenced this proceeding pursuant to CPLR article 78 to review the revised determination, and the Supreme Court transferred the proceeding to this Court pursuant to CPLR 7804(g).

In a proceeding pursuant to CPLR article 78, "[j]udicial review of an administrative determination made after a hearing required by law, at which evidence was taken, is limited to whether that determination is supported by substantial evidence" (Matter of Afolayan v Industrial Bd. of Appeals, 229 AD3d 698, 699 [internal quotation marks omitted]; see CPLR 7803[4]). "Substantial evidence is such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (Matter of World Motors, Inc. v Dugan, 226 AD3d 1037, 1039 [internal quotation marks omitted]). This is a "minimal standard, demanding only that a given inference is reasonable and plausible, not necessarily the most probable, and where substantial evidence exists, the reviewing court may not substitute its judgment for that of the agency, even if the court would have decided the matter differently" (Matter of Linksman v New York State Dept. of Motor Vehs., 218 AD3d 685, 686 [alteration and internal quotation marks omitted]).

Here, the finding that the petitioner committed misconduct was supported by substantial evidence. OCA demonstrated that the biased nature of the petitioner's comments, which were connected to a public Facebook profile that identified him as a Sergeant with UCS, violated the internal rules and regulations, as well as the ethical codes, of UCS (see 22 NYCRR 50.1[II][C]). Further, given the public facing nature of the petitioner's position in a system that requires fairness and equality, the administrative record supports the conclusion that the bias illustrated by the petitioner's posts negatively impacted UCS's ability to maintain neutrality and serve vulnerable populations.

Contrary to the petitioner's contentions, the revised determination did not violate his First Amendment right to free speech, as OCA met its burden of establishing that discipline arising out of the petitioner's protected activity was justified (see Matter of Santer v Board of Educ. of E. Meadow Union Free Sch. Dist., 23 NY3d 251, 263-265). Nor did the revised determination violate the petitioner's First Amendment right to the free exercise of religion, because the prohibition on discriminatory speech was neutral with respect to religion and generally applicable to all UCS employees (see C.F. v New York City. Dept. of Health & Mental Hygiene, 191 AD3d 52, 76).

"Judicial review of an administrative penalty is limited to whether the measure or mode of penalty or discipline imposed constitutes an abuse of discretion as a matter of law" (Matter of Maselli v Yonkers Bd. of Educ., 231 AD3d 1029, 1030-1031 [internal quotation marks omitted]). "An administrative penalty must be upheld unless it is so disproportionate to the offense as to be shocking to one's sense of fairness" (Matter of Guarnieri v County of Rockland, 226 AD3d 1018, 1020 [internal quotation marks omitted]). Contrary to the petitioner's contention, the penalty of termination of employment was not so disproportionate to the offense as to be shocking to one's sense of fairness (see Matter of Phelps v State of N.Y.—Unified Ct. Sys., 208 AD3d 880, 881; Matter of Sekul v City of Poughkeepsie, 195 AD3d 622, 625).

Accordingly, we confirm the revised determination, deny the petition, and dismiss the proceeding.

BARROS, J.P., IANNACCI, VOUTSINAS and GOLDBERG VELAZQUEZ, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court